(February 22, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY HILTS, Appellant. [638 NYS2d 491] —Cardona, P. J. Appeal from a judgment of the County Court of Schenectady County (Aison, J.), rendered June 22, 1992, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the fourth degree.

Defendant was arrested on a bench warrant executed by officers of the Schenectady Police Department on December 19, 1990 in the City of Schenectady, Schenectady County. A search of his person revealed five baggies containing a white powder later determined to be cocaine and a small amount of marihuana. Because he agreed to work undercover for the police, defendant was charged only with a violation of unlawful possession of marihuana. He pleaded guilty to that charge in Schenectady Police Court on January 15, 1991. Defendant failed to perform as promised. He was subsequently indicted for criminal possession of a controlled substance in the fourth degree. Prior to trial, defendant moved to dismiss contending, *inter alia*, that his conviction for unlawful possession of marihuana barred a separate prosecution for possession of cocaine, since both charges were based upon the same act or criminal transaction (*see*, CPL 40.20 [2]) and the uncharged cocaine offense should have been joined for prosecution with the earlier marihuana offense (*see*, CPL 40.40 [2]). County Court denied the motion. Following a jury trial, defendant was convicted of the crime charged and sentenced to 5 to 15 years' imprisonment. Defendant appeals.

Initially, we reject defendant's claim that his guilty plea to unlawful possession of marihuana, a violation (*see*, Penal Law § 221.05), prohibited a separate prosecution for the offense of

criminal possession of a controlled substance in the fourth degree, a class C felony (*see*, Penal Law § 220.09 [1]). While we agree with defendant that both offenses arise from the same criminal transaction,* where "[e]ach of the offenses as defined contains an element which is not an element of the other, and the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil" (CPL 40.20 [2] [b]), a separate prosecution for each is permissible as an exception to the general statutory rule against successive prosecutions. Clearly, the charged offenses here contain different elements in that one proscribes possession of marihuana while the other proscribes possession of a narcotic.

In determining whether prosecutions under these statutes are addressed to different kinds of harm or evil, we look to the "statutory provisions defining such offenses" (CPL 40.20 [2] [b]; *see, Matter of Kaplan v Ritter*, 71 NY2d 222, 229). By enacting Penal Law § 221.05 as part of the " 'Marihuana Reform Act of 1977' " (L 1977, ch 360), the Legislature determined that people who possess small amounts of marihuana for personal use should not be "subjected to unduly harsh sanctions" (L 1977, ch 360, § 1) and, therefore, decriminalized this offense, making it a violation punishable by a fine (*see*, Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law art 221, at 86). On the other hand, criminal possession of a controlled substance in the fourth degree is a class C felony punishable by up to 15 years in prison (*see*, Penal Law § 220.09 [1]; § 70.00 [2] [c]). The Legislature has not relaxed the proscription against the possession of narcotic drugs like cocaine, as these statutes are aimed at the evil of narcotics trafficking (*see, Matter of Abraham v Justices of N. Y. Supreme Ct.*, 37 NY2d 560, 567). Inasmuch as a prosecution for cocaine possession under Penal Law § 220.09 satisfies an objective different from a prosecution for marihuana possession under Penal Law § 221.05, we find that the exception under CPL § 40.20 (2) (b) properly applies to this case. Therefore, defendant's prosecution for criminal possession of a controlled substance in the fourth degree is not barred under CPL 40.20, nor under CPL 40.40, which prohibits separate prosecutions of offenses deemed "joinable" (CPL 200.20 [2]; *see, People v Sharpe*, 166 AD2d 620, *lv denied* 77 NY2d 882).

---

* Here, the factual basis of each offense includes the same essential component, i.e., possession of an illegal substance, which occurred at the same time and place. Thus, the offenses are "so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident" (CPL 40.10 [2] [a]; *see, People v Abbamonte*, 43 NY2d 74, 82).

We next turn to defendant's claim that he was denied a fair trial due to prosecutorial misconduct. Prior to the commencement of trial, County Court ruled that evidence of defendant's possession of marihuana at the time of his arrest was not to be elicited, but noted that if the defense opened the door it would deal with the matter at that time. The People's witnesses made no reference to the marihuana offense at trial. However, on direct examination for the defense, Lewis Hilts, defendant's brother, referred to its discovery during the arresting officer's street search of defendant's person. Apparently aware that he had opened the door on this issue, defense counsel immediately narrowed his line of questioning to the method used by the police to search defendant. Nevertheless, on cross-examination, the prosecutor repeatedly asked Hilts questions about defendant's possession of the marihuana in a manner which extended beyond relevance to credibility and suggested, instead, a propensity to commit drug possession offenses. Although the scope of this cross-examination was improper, County Court gave a curative instruction on the first defense objection and thereafter sustained several more objections, which served to dispel the prejudice (see, People v Wood, 66 NY2d 374, 381; People v Dworakowski, 208 AD2d 1129, 1130, lv denied 84 NY2d 1031; cf., People v Gunther, 175 AD2d 262, 264). We also note that the evidence of defendant's guilt was overwhelming and no other instances of prosecutorial misconduct are alleged. We conclude that the prosecutor's error was harmless (see, People v Crimmins, 36 NY2d 230).

We find no merit to defendant's contention that he was deprived of the effective assistance of counsel by defense counsel's failure to put a stop to the prosecutor's improper cross-examination of Hilts by objecting to every one of the 19 questions pertaining to the marihuana. Viewing " 'the evidence, the law, and the circumstances of [this] case * * * in totality and as of the time of the representation' ", we find that defendant's attorney provided meaningful representation (People v Flores, 84 NY2d 184, 187 [emphasis in original], quoting People v Baldi, 54 NY2d 137, 147).

Mikoll, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.