1999 UT App 089

**STATE of Utah, Plaintiff and Appellee,**

v.

**Kalob Ted KEPPLER, Defendant and Appellant.**

**No. 981182–CA.**

Court of Appeals of Utah.

March 25, 1999.

Kevin McGaha, Brigham City, for Appellant.

Jan Graham, Atty. Gen. and James Beadles, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before WILKINS, P.J., GREENWOOD, Associate P.J., and BILLINGS, J.

## OPINION

BILLINGS, Judge:

¶ 1 Kalob Ted Keppler (defendant) appeals from a conditional guilty plea for possession of a controlled substance, a third degree felony. We affirm.

## BACKGROUND

¶ 2 On April 5, 1997, in a search incident to an arrest, defendant was found in possession of marijuana, methamphetamine, and a pipe with marijuana residue. Defendant was cited for possession of drug paraphernalia and on April 14, 1997, he pleaded guilty to that offense, a class B misdemeanor, and was sentenced to probation. That same day, the State filed an information charging defendant with possession of methamphetamine, possession of a controlled substance, and possession of drug paraphernalia. These charges all arose from the evidence discovered during the April 5th search.

¶ 3 Defendant filed a motion to dismiss, arguing that his guilty plea to possession of paraphernalia barred the district court prosecutions because the offenses were all part of the same criminal episode under Utah Code Ann. § 76–1–403(1)(a) (1995). The trial court denied the motion to dismiss and defendant subsequently entered a conditional guilty plea to possession of methamphetamine, reserving his right to appeal. The State had already dismissed the other charges.

## ANALYSIS

¶ 4 This appeal presents a single question: Whether, under the "single criminal episode" statute, *see id.* § 76–1–403(1), a prosecution for possession of methamphetamine is barred when defendant had already pleaded guilty to possession of drug paraphernalia found at the same time and in the same location as the methamphetamine. We review the trial court's interpretation of a statute for correctness and accord no deference to its conclusions of law. *State v. Brooks,* 908 P.2d 856, 859 (Utah 1995).

¶ 5 The statutory scheme provides "[i]n this part unless the context requires a different definition, 'single criminal episode' means all conduct which is closely related in *time* and is incident to an attempt or an accomplishment of a single criminal *objective*." *Id.* § 76-1-401 (emphasis added). In this case, although defendant's concurrent possession of the marijuana pipe and the methamphetamine satisfied the temporal requirement of the statute, the possession does not satisfy the "same criminal objective" requirement. *See id.*

 ¶ 6 The specific nature of the property possessed determines the offense in a possession offense. In this case, we note that the property implicated in the two charges is not of the same quality. The Legislature expressly prohibits the possession of drug paraphernalia and the possession of methamphetamine as separate statutory offenses. *Compare* Utah Code Ann. § 58-37-8(2) (Supp.1998) (possession of a controlled substance) *with* Utah Code Ann. § 58-37a-5(1) (Supp.1998) (possession of drug paraphernalia). Other courts which have evaluated this statutory structure have concluded it creates discrete crimes even when the contraband items are found simultaneously. *See, e.g., People v. Monarrez,* 66 Cal.App.4th 710, 78 Cal.Rptr.2d 247 (1998), *rev. denied. See also Cunningham v. State,* 318 Md. 182, 567 A.2d 126, 129 (1989); *People v. Hilts,* 224 A.D.2d 824, 638 N.Y.S.2d 491, 492 (1996); *State v. Delfino,* 22 Ohio St.3d 270, 490 N.E.2d 884, 887-88 (1986).

¶ 7 Further support for the separate nature of defendant's crimes comes from *State v. Porter,* 705 P.2d 1174, 1178 (Utah 1985). In that case, the defendant had, within twenty minutes, burglarized an apartment and a laundry room, both located in the same building. The court concluded that defendant's crimes were separately punishable because "defendant's actions did not constitute a single crime," since the elements of burglary and aggravated burglary are different. *Id.* at 1178. *See also State v. Strader,* 902 P.2d 638 (Utah Ct.App.1995) (holding that giving false identification to a police officer not incident to same criminal objective as possession of methamphetamine). Similarly, defendant's crimes in this case are separately punishable.

## CONCLUSION

¶ 8 We conclude that the crimes do not satisfy the second statutory requirement for a single criminal episode as the crimes have separate criminal objectives. We therefore affirm.

¶ 9 MICHAEL J. WILKINS, Presiding Judge and PAMELA T. GREENWOOD, Associate Presiding Judge, concur.