2002 UT App 130

**STATE of Utah, Plaintiff and Appellee,**

v.

**Stephen Lamar GEUKGEUZIAN, Defendant and Appellant.**

No. 20010219–CA.

Court of Appeals of Utah.

April 25, 2002.

Rehearing Denied May 14, 2002.

Jerald V. Hale and Kendall Peterson, Salt Lake City, for Appellant.

Mark L. Shurtleff, Attorney General, and J. Frederic Voros Jr., Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges JACKSON, BILLINGS, and DAVIS.

## OPINION

JACKSON, Presiding Judge:

¶ 1 Defendant appeals his convictions for Tampering with witness, a third degree felony, under Utah Code Ann. § 76-8-508(1) (Supp.2001), and making a Written false statement, a class B misdemeanor, under Utah Code Ann. § 76-8-504(2) (1999). He argues the trial court failed to properly instruct the jury on the elements of both offenses. Further, he contends that he received ineffective assistance of counsel. We affirm in part, reverse in part and remand.

## BACKGROUND

¶ 2 "We view the facts in the light most favorable to the jury verdict and recite them accordingly." *State v. Loose,* 2000 UT 11, ¶ 2, 994 P.2d 1237.

¶ 3 Defendant supervised Airman Jason Lyon, who often overheard Defendant making threats of violence against Defendant's wife when he and Defendant were driving together in a vehicle or working together in a "small area." [1] On May 5, 2000, Lyon signed a sworn statement regarding the threats he had overheard. After she learned of Defendant's threats, Defendant's ex-wife, Tatilia Geukgeuzian, filed a petition for a protective order.

¶ 4 Defendant then took Lyon into a back room and requested that he make a statement "for his court case" suggesting that Lyon had never overheard Defendant threaten his ex-wife. Lyon complied with Defendant's request. A short time later, Defendant presented Lyon with a similar typed statement that Defendant had written for Lyon to sign. Lyon signed that statement also. At trial, Lyon testified, in effect, that he signed these two statements because he felt intimidated by Defendant, and because Defendant was his supervisor and could punish him at work.

## ISSUES AND STANDARDS OF REVIEW

[2–5] ¶ 5 Defendant presents three challenges to the jury instructions. Because Defendant failed to object to the challenged jury instructions at trial, we review those instructions only upon a showing of manifest injustice. *See* Utah R.Crim. P. 19(c); *State v. Casey,* 2001 UT App 205, ¶ 26, 29 P.3d 25. "Manifest injustice under Rule 19(c) [of the Utah Rules of Criminal Procedure] ... is determined using the plain error standard." *State v. Irwin,* 924 P.2d 5, 10 n. 5 (Utah Ct.App.1996).

> To demonstrate plain error, defendant must establish the following: "(i) An error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful...." In order to show that the error is harmful, defendant must demonstrate that "absent the error, there is a reasonable likelihood of a more favorable outcome for the appellant."

*State v. Medina–Juarez,* 2001 UT 79, ¶ 18, 34 P.3d 187 (citation omitted).

¶ 6 Defendant also challenges his conviction on the basis of ineffective assistance of counsel.

> In reviewing an ineffective assistance of counsel claim we apply the two-part test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To satisfy that test, the defendant must show: "(1) that counsel's performance was deficient below an objective standard of reasonable professional judgment, and (2) counsel's performance prejudiced the defendant." If a defendant fails to establish either of the two parts of the *Strickland* test, counsel's assistance was constitutionally sufficient, and we need not address the other part of the test.

*Medina–Juarez,* 2001 UT 79 at ¶ 14, 34 P.3d 187 (citation omitted).

## ANALYSIS

### I. Jury Instructions

¶ 7 Defendant argues the trial court improperly instructed the jury in three ways.

---

1. Because he was in close proximity to Defendant during these conversations and participated in them, Lyon testified at trial that in his view Defendant must have been aware that Lyon had heard Defendant's threats.

First, he contends the trial court committed reversible error when it failed to instruct the jury on an element of tampering with a witness. We agree.

¶ 8 "A person is guilty of a third degree felony if, believing that an official proceeding or investigation is pending or about to be instituted, he attempts to induce or otherwise cause a person to: (a) testify or inform falsely; [or] (b) withhold any testimony, information, document, or item; . . . ." Utah Code Ann. § 76–8–508(1) (Supp.2001). Because section 76–8–508 specifies no mens rea for the attempt or inducement element, the required mental state is governed by Utah Code Ann. § 76–2–102 (1999). That section states, "Every offense not involving strict liability shall require a culpable mental state, and when the definition of the offense does not specify a culpable mental state and the offense does not involve strict liability, intent, knowledge, or recklessness shall suffice to establish criminal responsibility." Utah Code Ann. § 76–2–102 (1999).

■ ¶ 9 Here, "[t]he trial court gave an elements instruction to the jury that closely tracked the language of [section 76–8–508] but omitted the language referring to the required mental state. The instruction given thus does not specify the culpable mental state required for" attempting or inducing a person as described in the statute. *State v. Chaney*, 1999 UT App 309, ¶ 53, 989 P.2d 1091 (footnote omitted). "To avoid manifest injustice, an elements instruction that fails to include the mens rea constitutes reversible error." *Id.* at ¶ 54. Thus, as a matter of law the trial court's failure to include the mental state required for tampering with a witness is manifest injustice.

■ ¶ 10 The State argues that because "Defendant actually proposed an elements instruction containing the very omission he complains of on appeal," he invited the trial court's error.[2] The State cites *Chaney* for the proposition that Defendant is thus precluded from benefitting by the mani-

fest injustice exception; however, *Chaney* is distinguishable from the present case. Although *Chaney* involved a similar fact pattern, we determined that the defendant in that case invited the error complained of because he objected to and rejected the trial court's correct jury instruction and pressed "his theory that the accomplice statute requires intent." *Id.* at ¶ 55. Chaney's conduct led the trial court to commit error. *See id.* at ¶¶ 54–55. Here, the State has not shown that Defendant's conduct actually led the trial court into its erroneous action. Thus, the invited error doctrine does not apply in this case. *See id.* at ¶ 54 ("[A] party cannot take advantage of an error committed at trial when that party *led the trial court into* committing the error." (quoting *State v. Anderson*, 929 P.2d 1107, 1109 (Utah 1996) (Emphasis added))). Accordingly, we reverse Defendant's conviction for tampering with a witness and remand for a new trial on the tampering with a witness charge.[3]

¶ 11 Next, Defendant argues the trial court improperly instructed the jury regarding the elements of making a written false statement. A defendant is guilty of making a written false statement if "[w]ith intent to deceive a public servant in the performance of his official function, he: (a) Makes any written false statement which he does not believe to be true; or . . . (c) Submits or invites reliance on any writing which he knows to be lacking in authenticity." Utah Code Ann. § 76–8–504(2) (1999). The trial court's elements instruction for this offense states that Defendant was guilty of false written statement if "intending to deceive a public servant in the performance of his official function [he]; a. Made *or caused to be made* a written false statement which [he] did not believe to be true; or b. Submitted or invited reliance upon a writing which [he] knew to be lacking in authenticity." (Emphasis added.)

¶ 12 Defendant contends the language "or caused to be made" "impermissibly expands

---

2. "Where invited error butts up against manifest injustice, the invited error rule prevails." *State v. Perdue*, 813 P.2d 1201, 1206 (Utah Ct.App. 1991); *accord State v. Chaney*, 1999 UT App 309, ¶ 54, 989 P.2d 1091.

3. In light of this decision, we do not address Defendant's challenge based on ineffective assistance of counsel to his conviction for witness tampering.

the scope of the statute by inferring that [section] 76–8–504(2)(a) would include a written false statement of a third party which was made at" Defendant's request. Further, Defendant argues this language creates a hybrid between section 76–8–504(2)(a) and section 76–8–504(2)(c), which invited the jury to substitute the "knowing" mental state of section 76–8–504(2)(c) with the "believing" mental state of section 76–8–504(2)(a). The State counters, arguing that because the added language "criminalizes no conduct that is not already criminalized by subsection (2)(c)," we can determine that the jury found all the elements of the offense. Thus, the State argues, Defendant cannot meet his burden of showing manifest injustice because he cannot show the error was prejudicial.

¶ 13 We agree with the State. As applied to Defendant, the language "or caused to be made" makes illegal no conduct that section 76–8–504(2)(c), on which the jury was instructed, did not already "criminalize." Put differently, we conclude on the facts of this case that if Defendant "caused to be made a written false statement which [he] did not believe to be true," he necessarily either "[s]ubmit[ted] or invite[d] reliance on [a] writing which he [knew] to be lacking in authenticity." [4] *Id.* In the present case we find little distinction between Defendant submitting or inviting reliance on a writing which he did "not believe to be true" and one "which he knows to be lacking in authenticity." *Id.* "Although the general verdict in this case gave no indication of which variation of [making a written false statement] the jury relied upon in its conviction, the record contains abundant evidence—both eyewitness testimony and physical evidence—from which the jury could conclude that [D]efendant" was guilty of making a written false statement. *State v. Fontana,* 680 P.2d 1042, 1048 (Utah 1984). Thus, we cannot say Defendant has "demonstrate[d] that 'absent the error, there is a reasonable likelihood of a more favorable outcome for' " Defendant. *State v. Medina–Juarez,* 2001 UT 79, ¶ 18, 34 P.3d

187 (citation omitted). As a result, Defendant fails to demonstrate plain error or manifest injustice. Accordingly, we reject this challenge to the trial court's false statement jury instructions.

¶ 14 Defendant finally argues the trial court improperly instructed the jury regarding the elements of making a written false statement because it "failed to define the mental state of 'know[s]' " contained in section 76–8–504(2)(c). However, he has failed to demonstrate prejudice. Whether Defendant "knew" a writing lacked authenticity turns on whether he was "aware of the nature of his conduct or the existing circumstances." Utah Code Ann. § 76–2–103(2) (1999). Defendant fails to demonstrate that an instruction defining knowledge in this manner would result in " 'a reasonable likelihood of a more favorable outcome for' " him. *Medina–Juarez,* 2001 UT 79 at ¶ 18, 34 P.3d 187 (citation omitted). Thus, this challenge to the jury instructions also fails.

## II. Ineffective Assistance of Counsel

¶ 15 Defendant also challenges his conviction for making a written false statement based on ineffective assistance of counsel. "[P]roof of ineffective assistance of counsel cannot be a speculative matter but must be a demonstrable reality." *Fernandez v. Cook,* 870 P.2d 870, 877 (Utah 1993).

¶ 16 Defendant argues that his trial counsel provided ineffective assistance by failing to object to a certain line of questioning the prosecutor put to Lyon. He asserts the prosecutor's questions to Lyon, regarding Defendant's knowledge of the truthfulness of the writing Defendant requested Lyon to submit, were objectionable under Rule 602 of the Utah Rules of Evidence. [5] Defendant claims he was prejudiced because,

the jury was allowed to hear and consider without a curative instruction, a statement attributing a state of mind to defendant, which was supported by no other evidence before the court.... No evidence was in-

---

4. However, we note that one can meet the requirements of Utah Code Ann. § 76–8–504(2)(c)(1999) other than by causing a written false statement to be made as described above.

5. "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Utah R. Evid. 602.

troduced to support a contention to the effect that Airman Lyon had any personal knowledge whatsoever regarding whether [Defendant] was aware Airman Lyon was around when [Defendant] allegedly made threatening statements about his wife. Nor was there any evidence introduced to ... establish the personal knowledge of Airman Lyon that Appellant was asking him to "write something that was false."

¶ 17 However, our review of the record reveals that abundant evidence was presented to establish Lyon's personal knowledge "regarding whether [Defendant] was aware Lyon was around when [Defendant] allegedly made threatening statements about his wife." Thus, Defendant failed to establish the reasonable likelihood of a more favorable outcome at trial, and thereby failed to establish prejudice. Accordingly, we affirm Defendant's conviction for making a written false statement.

## CONCLUSION

¶ 18 Because the trial court failed to instruct the jury on the mental state required for tampering with a witness, we reverse his conviction on that charge and remand for a new trial on that charge. Otherwise, we affirm.

¶ 19 I CONCUR: JUDITH M. BILLINGS, Associate Presiding Judge.

DAVIS, Judge (concurring and dissenting):

¶ 20 I concur in the majority's analysis of the tampering with a witness conviction.

¶ 21 I do not, however, share the majority's analysis or result respecting the written false statement conviction. Since the indisputedly erroneous instruction added language to the statute that made it uniquely applicable to the evidence in this case, suggesting that the jury could have found Defendant guilty under another section is a stretch that I cannot in good conscience make.

¶ 22 When tailoring a statute to fit the evidence is coupled with a failure to define the mental state required for conviction, I believe the Defendant has clearly established

plain error, and his conviction for written false statement should also be reversed.