2003 UT App 155

## STATE of Utah, Plaintiff and Appellee,

v.

## Kevin CHUKES, Defendant and Appellant.

No. 20020376–CA.

Court of Appeals of Utah.

May 22, 2003.

Heather Johnson and John D. O'Connell Jr., Salt Lake Legal Defender Association, Salt Lake City, for Appellant.

Mark L. Shurtleff, Attorney General, and Kris C. Leonard, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges BENCH, DAVIS, and ORME.

## OPINION

DAVIS, Judge:

¶ 1 Defendant Kevin Chukes appeals from convictions of identity fraud, a second degree felony, in violation of Utah Code Ann. § 76-6-1102 (Supp.2002); theft by deception, a second degree felony, in violation of Utah Code Ann. § 76-6-405 (1999); and forgery, a third degree felony, in violation of Utah Code Ann. § 76-6-501 (1999). We affirm the identity fraud and theft by deception convictions. We reverse the forgery conviction.

## BACKGROUND

¶ 2 In March 2001, Defendant asked a salesman about a bedroom set on display at Crown Bedrooms. The set was priced at nearly $6,000. Defendant told the salesman that he wanted to finance the set. The salesman gave Defendant a blank credit application and watched Defendant complete it. On the application, Defendant listed his name as "Jeffery Mewborn"[1] and listed Mewborn's Social Security number, driver license number, and address. Defendant signed "Jeffery Mewborn" on the application and gave it to the salesman. The salesman told Defendant that he would fax the application to a finance company, American General Finance. Defendant then left the store, but called the salesman about thirty minutes later. The salesman told Defendant that the application had been accepted.

¶ 3 Later that afternoon, Defendant returned to Crown Bedrooms. The salesman gave Defendant an installment contract that listed terms for the purchase of the bedroom set. Defendant signed "Jeffery Mewborn" on the contract. He also signed "Jeffery Mewborn" on a receipt[2] for the set. Defendant loaded the set into a moving van and drove away.

¶ 4 Thereafter, Mewborn discovered that someone had used his personal identifying information to obtain credit from American General Finance and to purchase items in his name. Mewborn contacted American General Finance and the police. Defendant was subsequently arrested and charged with identity fraud, theft by deception, and forgery.

¶ 5 At trial, Mewborn testified that he did not give Defendant his personal identifying information nor permission to use that information. He also testified that the signatures on the credit application, the installment contract, and the receipt were not his.

¶ 6 After all of the evidence was submitted, Defendant moved to dismiss the identity fraud and theft by deception charges. He contended that the charges were based on the same conduct and had the same elements as forgery. Defendant alternatively moved to dismiss the identity fraud and forgery charges. He contended that identity fraud was a lesser included offense of forgery and that forgery was a lesser included offense of theft by deception. The trial court denied Defendant's motion, concluding that although the evidence and elements overlapped, the offenses had additional elements.

¶ 7 The jury convicted Defendant as charged. Defendant now appeals.

## ANALYSIS

¶ 8 Defendant contends that identity fraud is a lesser included offense of theft by deception and that forgery is a lesser included offense of identity fraud.[3] Therefore, Defendant contends that we should reverse the identity fraud and forgery convictions.

¶ 9 "A defendant may be convicted of an offense included in the offense charged but may not be convicted of both the offense charged and the included offense." Utah Code Ann. § 76-1-402(3) (1999). "Whether one crime is a lesser included offense of another is a question of law reviewed for correctness." *State v. Betha*, 957 P.2d 611, 617-18 (Utah Ct.App.1998). An offense is a lesser included offense when "[i]t is established by proof of the same or less than all

---

1. In fact, Mewborn spells his first name "Jeffrey."

2. On its face, the document indicates it is an invoice.

3. Because we conclude that forgery is a lesser included offense of identity fraud, we do not reach Defendant's contention that forgery is a lesser included offense of theft by deception.

the facts required to establish the commission of [another] offense." Utah Code Ann. § 76–1–402(3)(a).

¶ 10 We apply a two part test to determine whether an offense is a lesser included offense. *See State v. Ross,* 951 P.2d 236, 241 (Utah Ct.App.1997) (citing *State v. Hill,* 674 P.2d 96, 97 (Utah 1983)). We first compare the statutory elements of the offenses. *See State v. Brooks,* 908 P.2d 856, 861 (Utah 1995). "If the two [offenses] are ' "such that the greater cannot be committed without necessarily having committed the lesser," ' then the lesser offense merges into the greater crime and the State cannot convict and punish the defendant for both offenses." *Ross,* 951 P.2d at 241 (citations omitted). "Only if [the first analytical step] does not resolve the [issue] need we proceed to the second analytical step." *Brooks,* 908 P.2d at 862. "In most cases, comparison of the statutory elements will suffice to determine whether a greater-lesser relationship exists." *Ross,* 951 P.2d at 241. However, where the two crimes have multiple variations, we proceed to the second step and " 'consider the evidence to determine whether the greater-lesser relationship exists between the specific variations of the crimes actually proved at trial.' " *Id.* (citation omitted).

### I. Is Identity Fraud Included in Theft by Deception?

¶ 11 In relevant part, the identity fraud statute provides:

A person is guilty of identity fraud when that person knowingly or intentionally:

(a) obtains personal identifying information of another person without the authorization of that person; and

(b) uses, or attempts to use, that information with fraudulent intent, including to obtain, or attempt to obtain, credit, goods, services, any other thing of value, or medical information in the name of another person without the consent of that person.

Utah Code Ann. § 76–6–1102(2) (Supp.2002). The theft by deception statute provides:

A person commits theft if he obtains or exercises control over property of another by deception and with a purpose to deprive him thereof.

Utah Code Ann. § 76–6–405(1) (1999).

¶ 12 We conclude that identity fraud has a unique element that precludes it from being a lesser included offense of theft by deception. Identity fraud always requires proof that the defendant *obtained* personal identifying information without authorization.[4] *See* Utah Code Ann. § 76–6–1102(2)(a). Theft by deception does not require such proof. *See* Utah Code Ann. § 76–6–405(1). Because identity fraud requires "proof beyond that needed for proof of the bare elements of [theft by deception]," identity fraud is not a lesser included offense of theft by deception. *State v. Brooks,* 908 P.2d 856, 862 (Utah 1995).[5]

¶ 13 Defendant does not alternatively contend that theft by deception is a lesser included offense of identity fraud. However, after concluding that an offense is not a lesser included offense as claimed by a defendant, Utah appellate courts have considered whether the defendant has inadvertently reversed the order of the greater and lesser offenses. *See State v. Bradley,* 752 P.2d 874, 877 n. 1 (Utah 1985) (per curiam); *State v. Ross,* 951 P.2d 236, 241 n. 6 (Utah Ct.App. 1997). Thus, we consider whether theft by deception is a lesser included offense of identity fraud.

¶ 14 Theft by deception requires proof that the defendant (1) obtained or exer-

---

4. Had Defendant represented himself as a fictional "Jeffrey Mewborn," and created personal identifying information, he may not be guilty of identity fraud even if there existed a real person named "Jeffrey Mewborn." The deception would, however, support a conviction for theft by deception.

5. Defendant also argues that the identity fraud conviction should be reversed because the identi-

ty fraud and the theft by deception were based on the "same act" in a "single criminal episode." Utah Code Ann. § 76–1–402(1) (1999). However, the identity fraud was based in part on Defendant's act of obtaining Mewborn's personal identifying information without Mewborn's authorization. Because the identity fraud was not based entirely upon the same act as theft by deception, this argument fails.

cised control over the property of another, (2) by deception, and (3) with a purpose to deprive.[6] *See* Utah Code Ann. § 76-6-405(1). Identity fraud requires proof that the defendant (1) intentionally or knowingly; (2) obtained personal identifying information of another person without that person's authorization; and (3) used or attempted to use that personal identifying information "with fraudulent intent, including to obtain, or attempt to obtain, credit, goods, ... [or] any other thing of value ... in the name of another person without the consent of that person." Utah Code Ann. § 76-6-1102(2). Although the identity fraud statute does not define "fraudulent intent," Black's Law Dictionary indicates that "fraudulent intent" "exists where one, either with a view of benefitting oneself. or misleading another into a course of action, makes a representation which one knows to be false or which one does not believe to be true." Black's Law Dictionary 662 (6th ed.1990).[7] Identity fraud requires unauthorized *use* of the identifying personal identifying information "with a view of benefitting oneself or misleading another into a course of action." *Id.* Identity fraud does not require that the defendant in fact obtained something of value. However, theft by deception requires proof that the defendant in fact obtained or exercised control over the property of another. *See* Utah Code Ann. § 76-6-405(1).

¶ 15 Because identity fraud does not require as an element that the defendant in fact obtained or exercised control over the property of another, we conclude theft by deception is not a lesser included offense of identity fraud. Accordingly, we conclude that Defendant was properly convicted of identity fraud and theft by deception.

**6.** "Purpose to deprive" means to have the conscious object:

> (a) To withhold property permanently or for so extended a period or to use under such circumstances that a substantial portion of its economic value, or of the use and benefit thereof, would be lost; or
> (b) To restore the property only upon payment of a reward or other compensation; or
> (c) To dispose of the property under circumstances that make it unlikely that the owner will recover it.

Utah Code Ann. § 76-6-401(3).

## II. Is Forgery Included in Identity Fraud?

█ ¶ 16 The parties agree that a lesser included relationship may exist between variations of forgery and identity fraud. Identity fraud requires proof that the defendant (1) intentionally or knowingly; (2) obtained personal identifying information of another person without that person's authorization; and (3) used or attempted to use that information "with fraudulent intent, including to obtain, or attempt to obtain, credit, goods, ... [or] any other thing of value ... in the name of another person without the consent of that person." Utah Code Ann. § 76-6-1102(2) (Supp.2002). " 'Personal identifying information' may include" another's: "(a) name"; "(b) address"; "(c) telephone number"; "(d) driver's license number"; "(e) Social Security number"; "*or* (k) any other numbers or information that can be used to access a person's financial resources." *Id.* § 76-6-1102(1) (emphasis added).[8]

¶ 17 Forgery requires proof that the defendant (1) "with purpose to defraud anyone, or with knowledge that he is facilitating a fraud to be perpetrated by anyone"; (2) "makes, completes, executes, authenticates, issues, ... or utters any writing so that the writing or the making, completion, execution, authentication, issuance, ... or utterance purports to be the act of another, whether the person is existent or nonexistent." Utah Code Ann. § 76-6-501(1) (1999).

¶ 18 Depending on the variations proved, forgery could be a lesser included offense of identity fraud. For example, the state might prove that a defendant committed identity fraud by (1) intentionally or knowingly; (2) obtaining personal identifying information—a

**7.** In the present case, the jury instructions defined "with fraudulent intent" as "to act willfully, and with the specific intent to deceive or cheat, ordinarily for the purpose of either causing some financial loss to another, or bringing about some financial gain to oneself."

**8.** In the present case, the jury was not instructed on the types of personal identifying information in Utah Code Ann. § 76-6-1102(1). However, in closing argument the prosecutor indicated the types of personal identifying information in the statute, including another's name.

name or other information—of another without authorization; and (3) using that information with fraudulent intent by filling out and signing a credit application in the name of another without the other's consent to obtain credit. In this example, forgery, which is committed when a defendant, with a purpose to defraud, makes or executes a writing purporting to be an existent person, is included in the third element of identity fraud. The elements of forgery that require a defendant to make or execute a writing while purporting to be another existing person and with a purpose to defraud are encompassed in the element of identity fraud that requires use of personal identifying information with fraudulent intent. Consequently, forgery would be a lesser included offense of identity fraud.

¶ 19 Because under some variations, forgery is a lesser included offense of identity fraud, we proceed to step two of the lesser included offense analysis and " 'consider the evidence[, arguments, and jury instructions] to determine whether the greater-lesser relationship exists between the specific variations of the crimes actually proved at trial' " in this case. *State v. Ross,* 951 P.2d 236, 241 (Utah Ct.App.1997) (citation omitted). Because Defendant obtained and used Mewborn's personal identifying information without Mewborn's authorization under the identity fraud statute, and because Mewborn is an existent person under the forgery statute, the issue here is whether the use of personal identifying information element of identity fraud and the "makes or executes [9] a writing purporting to be another" element of forgery were independently proved. "[D]efendant's forgery conviction will necessarily [be included] in[ ] his [identity fraud] conviction unless the jury was instructed on and the State proved separate factual bases" for these elements. *Id.* at 242.

¶ 20 In essence, the State argues that the evidence establishes that the forgery and identity fraud convictions were separate acts. Therefore, the State argues that Defendant was properly convicted of forgery and identity fraud.

A defendant may be prosecuted in a single criminal action for all separate offenses arising out of a single criminal episode; however, when the same act of a defendant under a single criminal episode shall establish offenses which may be punished in different ways under different provisions of this code, the act shall be punishable under only one such provision; an acquittal or conviction and sentence under any such provision bars a prosecution under any other such provision.

Utah Code Ann. § 76–1–402(1) (1999).

¶ 21 Utah appellate courts have concluded acts are separate if they are not necessary to each other or are sufficiently separated by time and space. *See State v. Casey,* 2001 UT App 205, ¶ 17, 29 P.3d 25; *cf. State v. Wood,* 868 P.2d 70, 89–90 (Utah 1993) (noting aggravating circumstance would not be lesser included offense of capital murder if there were "adequate independent grounds to convict the defendant of both offenses") (quotations and citation omitted).

¶ 22 We conclude that the forgeries were not necessary to Defendant's identity fraud conviction. By completing the credit application and signing it as Mewborn, signing the installment contract as Mewborn, and signing the receipt as Mewborn, Defendant made and executed three writings while purporting to be another. Thus, we agree with the State that the evidence supports that Defendant committed three separate forgeries. *See State v. Patience,* 944 P.2d 381, 391 (Utah Ct.App.1997) (holding "theft consolidation rule does not apply to forgery cases" and each act of forgery generally constitutes a separate crime). However, that the forgeries were independent of each other does not mean that they are independent of the identity fraud conviction. By making and executing the documents purporting to be Mewborn, Defendant used Mewborn's personal identifying information with fraudulent intent to obtain credit and the bedroom set without

---

9. In the present case, the jury instructions also included the "issue" and "utter" variations of forgery. However, the State's theory at trial and on appeal is that Defendant committed forgery by signing the credit application, installment contract, and the receipt. Therefore, we do not consider the "issue" and "utter" variations of forgery.

Mewborn's consent and therefore committed identity fraud. The forgeries were the means by which Defendant used Mewborn's personal identifying information with fraudulent intent to obtain credit and to obtain the bedroom set.[10]

¶ 23 Moreover, the issue here is not solely whether the evidence supports separate acts or offenses. Rather the issue here is whether "a reasonable jury would have understood, based on the [arguments,] instructions[,] and evidence at trial, that it had to find an additional element beyond the elements of [identity fraud] before it could convict defendant of forgery." *Ross*, 951 P.2d at 243. On appeal, the State maintains that Defendant committed identity fraud by filling out the top of the credit application, but committed forgery by signing it as Mewborn. The State also maintains that Defendant committed two subsequent forgeries that were independent of the identity fraud by signing the installment contract and the receipt as Mewborn. These specific theories were not presented at trial nor was the jury appropriately instructed that it had to find the elements of identity fraud independent of the forgeries. Rather, the prosecution indicated that Defendant committed both forgery and identity

fraud by filling out the top part of the credit application. The prosecution also indicated that Defendant committed identity fraud by using Defendant's personal identifying information, including his name, and that signing constituted using Defendant's personal information.[11]

¶ 24 Furthermore, "whether the jury was properly instructed to find" "additional proof" for the forgery conviction "is determinative." *State v. Betha*, 957 P.2d 611, 619 (Utah Ct.App.1998). We conclude the jury instructions fail to demonstrate "that the prosecution did not rely upon the same elements to prove [forgery and identity fraud]." *Id.* The jury was instructed that to convict Defendant of forgery it had to find that Defendant:

1. [I]ntentionally or knowingly made,[12] executed,[13] issued or uttered a writing; and

2. That said writing or utterance purported to be the act of [Mewborn]; and

3. That said writing or utterance was not the act of [Mewborn]; and

4. That said writing or utterance was not authorized by [Mewborn]; and

without the authorization of [Mewborn].... He never gave [Defendant] any permission *to use his name, sign his name, use any of his identifying information.*
In regard to the forgery, the prosecutor stated, the state had to show that Defendant
intentionally or knowingly made, executed, issued or other[wise] made [a] writing.... [W]hen someone makes or executes a document, basically what they're doing is writing on it. They're making some form of writing.... [T]hat's being done ... on several different documents in this case. *That's being done when the top portion of the credit application is filled out,* that's making or executing a document, and when it's being signed at the bottom in [Mewborn's] name by [Defendant.] It's being done also ... on the installment contract ... when again, defendant signs his name at the bottom ... [a]nd then finally, on the receipt for the furniture, when [Defendant] signs his name there.
(Emphasis added.)

**10.** *The State does not argue that the evidence* supports more than one identity fraud conviction.

**11.** In his opening argument, the prosecutor stated that Defendant "stole [Mewborn's] identity when he walked into that bedroom store, selected items, and then used [Mewborn's] personal *information to buy goods, to open a line of cred-*it, and he had no permission or authorization from [Mewborn] to use that information or buy those goods." Identity fraud occurs "when someone uses someone else's personal information—identifying information like a name, a Social Security number, a date of birth, to obtain ... something of value. In this case that was the bedroom set, and the line of credit for the bedroom set." The prosecutor then stated, "a forgery occurred ... three separate times ... and those were each of the documents in which the defendant signed his name as [Mewborn]: the credit ... application, the installment contract; and the receipt for the goods."
In closing argument, the prosecutor stated in regard to identity fraud,
the personal identifying information that's at issue in this case is [Mewborn's] name, his date of birth, his Social Security number and his address ... which is listed on the credit ... application.... [T]his all was done, again,

**12.** The jury instructions defined "make" as "to cause to exist or to form, fashion, or produce."

**13.** The jury instructions defined "execute" as "to make or to do."

5. That ... [Defendant] then and there knew the writing was not the act of [Mewborn] and was not authorized by [Mewborn]; and

6. That ... [Defendant] then and there had a purpose to defraud.

¶ 25 The jury was instructed that to convict Defendant of identity fraud it had to find Defendant:

2. knowingly or intentionally obtained personal identifying information of [Mewborn] without the authorization of [Mewborn;] and

3. used or attempted to use that information with fraudulent intent, including to obtain or attempt to obtain, credit, goods, services, any other thing of value, or medical information in the name of Jeffrey [Mewborn] without the consent of [Mewborn;] and

4. the value of the credit, goods, services or any other thing of value is or exceeds $5,000.00.

¶ 26 Although to convict Defendant of forgery the jury had to find that Defendant made or executed a writing purporting to be Mewborn, nothing in the instructions informed the jury that the "use of personal identifying information" element of identity fraud could not be satisfied by the forged writings. Nor do the instructions inform the jury that it could convict Defendant of identity fraud on the basis of filling out and signing the credit application and signing the installment contract to obtain credit, and forgery on the basis of signing the receipt as Mewborn.

¶ 27 Although forgery might be separately proved in another circumstance, on the facts of this case, we conclude that forgery is a lesser included offense of identity fraud. Accordingly, we vacate Defendant's forgery conviction.

## CONCLUSION

¶ 28 We conclude identity fraud is not a lesser included offense of theft by deception. We also conclude, in this instance, forgery was a lesser included offense of identity fraud. Accordingly, we affirm the identity fraud and theft by deception convictions. We reverse the forgery conviction.

¶ 29 WE CONCUR: RUSSELL W. BENCH, Judge, and GREGORY K. ORME, Judge.