**STATE of Utah, Plaintiff and Respondent,**

v.

**John SUAREZ, Defendant and Appellant.**

**No. 860191–CA.**

Court of Appeals of Utah.

May 4, 1987.

Randall Gaither, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Sandra L. Sjogren, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

Before DAVIDSON, GREENWOOD and BENCH, JJ.

## OPINION

DAVIDSON, Judge:

Defendant appeals his conviction of three counts of forcible sexual abuse committed when the victim was 11 and 12 years old. Defendant claims the trial court erred in refusing to allow evidence of the "victim's prior sexual history, her use of illicit drugs and her affliction with a sexually transmitted disease." Defendant also claims procedural error in allowing the information to be amended after the jury was impaneled and in charging two offenses for one course of conduct. Finally, defendant claims the trial court erred in allowing an expert witness to testify at trial. We affirm the convictions.

During 1981, defendant came to live in the home of the victim, her mother and step-father, defendant's brother. A relationship quickly developed wherein the victim felt close to and looked up to defendant. Thereafter, in July, 1981, defendant came to the victim and touched and fondled her breasts and vagina area through her clothing. The victim felt confused but told no one. She was then 11 years old.

Late one night in January, 1982, while the victim was babysitting her brothers and sisters, she fell asleep on the couch in her home. She awoke and found defendant on top of her. The tube top she wore had been pulled down and defendant had his mouth on her breasts. She protested but defendant refused to stop and went on to fondle her vagina through her sleeping clothes. The victim was finally able to escape and ran to her room where she barricaded the door. She was then 12 years old.

Defendant was charged with additional offenses but was only convicted of three counts of forcible sexual abuse arising from these incidents. All were third degree felonies under the law existing at the time of the acts.

■ The first four claims of error raised by defendant all involve the same issue; did the trial court err in granting a motion in limine and excluding evidence of the victim's sexual conduct, her use of illicit drugs and her contracting of a sexually transmitted disease. It should be noted that all this claimed conduct occurred after the acts of which defendant was convicted. In relationship to these convictions, therefore, the first four claims of error are irrelevant. But, since the jury failed to reach a decision on six counts, it is necessary to discuss defendant's claims.

Defendant first claims the court unconstitutionally limited his right to confrontation and cross-examination by excluding this evidence. No constitutional issue exists. The court properly followed the cases of *State v. Lovato*, 702 P.2d 101 (Utah 1985), and *State v. Johns*, 615 P.2d 1260 (Utah 1980), and found such evidence irrelevant to the charges made. Defendant possesses no right, constitutional or otherwise, to bring irrelevant and prejudicial evidence before the jury. The court was correct in excluding this evidence.

Defendant next raises several issues all of which are duplicative of the first. All claim error by the trial court in refusing to allow defendant to pursue efforts to bring in evidence described above. In Point II he complains of not being allowed discovery or an additional preliminary hearing to develop this evidence. In Point III he complains about being prevented from introducing evidence from the Salt Lake County Communicable Disease Agency. In Point IV he complains about being refused a continuance to bring in a witness to testify to the victim's conduct. The court had previously ruled against the use of this evidence in the motion in limine. The trial court was correct in continuing to exclude this evidence.

Defendant next raises the question whether Counts VII and VIII of the information charge the same offense. Whether this is so requires an examination of Utah Code Ann. § 76-5-404, as it was in effect in 1981 and 1982.

> (1) A person commits forcible sexual abuse if, under circumstances not amounting to rape or sodomy, or attempted rape or sodomy, the actor touches the anus or any part of the genitals of another, *or otherwise* takes indecent liberties with another, or causes another to take indecent liberties with the actor or another, with intent to cause substantial emotional or bodily pain to any person or with the intent to arouse or gratify the sexual desire of any person, without the consent of the other, regardless of the sex of any participant. (Emphasis added.)

The defendant was charged and convicted of two separate offenses. Both are defined in the statute quoted. In the first offense, he removed the victim's tube top and put his mouth on her breasts. Does this constitute taking "indecent liberties" with the victim? We believe it does. The defendant cites *State in the Interest of J.L.S.*, 610 P.2d 1294 (Utah 1980) in his defense. The Utah Supreme Court in that case stated that a momentary touching of the *clothed* breasts of an adolescent girl by a teenage boy is not taking "indecent liberties", as the conduct does not reach the same magnitude as touching the genitals of the victim. However, this case involves an adult male removing the clothing and placing his mouth on the unclothed breasts of a 12 year old child. It strains this Court's credulity to argue that *J.L.S.* somehow supports defendant's argument. This is precisely the type of conduct proscribed by the language "takes indecent liberties with another." Utah Code Ann. § 76-5-404 (1979).

The information in Count VIII charges defendant with touching the genitals of the victim. Defendant argues that this was a single criminal episode with Count VII therefore he cannot be punished for more than one crime. He bases this argument on Utah Code Ann. § 76-1-402(1) (1978);

> (1) A defendant may be prosecuted in a single criminal action for all separate offenses arising out of a single criminal episode; however, when the *same act* of a defendant under a single criminal episode shall establish offenses which may be punished in different ways under different provisions of this code, the act shall be punishable under only one such provision; an acquittal or conviction and sentence under any such provision bars a prosecution under any other such provision. (Emphasis added.)

Defendant's argument is flawed in that he first placed his mouth on the victim's breasts, the taking of indecent liberties, and then placed his hand on her vagina. These are separate acts requiring proof of different elements and constitute separate offenses. *State v. O'Brien*, 721 P.2d 896, 900 (Utah 1986). No violation of Utah Code Ann. § 76-1-402(1) (1978) appears.

Defendant next argues that the court erred in allowing the testimony of an expert witness who offered her opinion that the victim had been sexually abused. Rules 702 and 703 of the Utah Rules of Evidence govern expert testimony. Rule 702 requires the court to first determine whether expert testimony would be helpful to the trier of fact. Considerable discussion outside the presence of the jury appears in the record. The court made the requisite determination. Rule 703 states that the facts or data relied upon by the expert need not be admissible in evidence if of a type reasonably relied upon by experts in the field. This foundation was established and appears in the record. The Utah Supreme Court in the case of *State v. Lairby*, 699 P.2d 1187 (Utah 1984) was confronted with the same argument raised here. In that case, the Court required a foundation to be made prior to an expert giving his opinion whether a child had been a victim of sexual abuse. In this case, the foundation was properly made and the expert was then properly allowed to give her opinion. The trial court carefully followed *Lairby* and committed no error.

The last issue raised by defendant is that the court erred in allowing the filing of a new information on the day of trial. Since the defendant was not convicted of any of the amended counts, this issue is irrelevant and will not be discussed. Defendant's claim of double jeopardy arising from the filing is wholly without merit.

The judgment of the trial court is affirmed.

GREENWOOD and BENCH, JJ., concur.