[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 14, 2002
THOMAS K. KAHN
CLERK

No. 99-13077

D.C. Docket No. 98-00205 CV-RLV-4

DONALD R. BAKER,

Petitioner-Appellant,

versus

ROSS T. GEARINGER, Warden,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Georgia

**(June 14, 2002)**

Before TJOFLAT, DUBINA and DUHE*, Circuit Judges.

*Honorable John M. Duhe, Jr., U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

PER CURIAM:

In this case, Georgia prisoner Donald R. Baker appeals the district court's dismissal of a pro se habeas corpus petition he filed under 28 U.S.C. § 2254. Baker argues that three of the charges of child molestation and one of the charges of aggravated child molestation for which he was convicted arose out of a single episode lasting only a few minutes and should have been merged by the trial court.[1] Because they allegedly arose out of the same offense, Baker contends that his convictions for these charges violate his Fifth and Fourteenth Amendment rights against double jeopardy. Baker further argues that he did not violate two distinct statutory provisions, and, therefore, his multiple convictions are inconsistent with the Supreme Court's decision in Blockburger v. United States, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932).

Upon review, we find no evidence that Baker's conviction in Georgia superior court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Under Georgia law,

---

[1] Baker was convicted of two counts of child molestation, one count of aggravated child molestation, and one count of statutory rape for interactions with one twelve-year-old girl, "T.A.L.," and three counts of child molestation and one count of aggravated child molestation for his interaction with another twelve-year old girl, "D.S.H.," who was T.A.L.'s friend. Only the convictions involving Baker's molestation of D.S.H. are at issue in this appeal.

"[a] person commits the offense of child molestation when he or she does <u>any</u> immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." Ga. Code Ann. § 16-6-4(a) (emphasis added). During his encounter with D.S.H., Baker performed three separate actions – fondling her breasts, fondling her vagina, and placing his penis between her legs – which could independently constitute an immoral act done for his arousal. Each offense was the result of an independent choice by Baker; none of the three acts he performed on D.S.H. was the necessary cause or consequence of any of the others. Since the Georgia statute punishes <u>any</u> such act, the Georgia courts did not act unreasonably when they found that Baker could be charged with three separate counts of child molestation – one for each immoral act done to D.S.H.

Baker has also claimed that his separate convictions for child molestation and aggravated child molestation run afoul of the Supreme Court's ruling in <u>Blockburger v. United States</u>, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932). Under <u>Blockburger</u>, "[t]he applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." <u>Id.</u> at 304, 52 S. Ct.

3

at 182. In the instant case, Baker has been convicted of both child molestation and aggravated child molestation, which punishes a person who not only "commits an offense of child molestation," but commits one that "physically injures the child or involves an act of sodomy." Ga. Code Ann. § 16-6-4(c). More importantly, the act for which Baker was charged with aggravated child molestation, placing his mouth on D.S.H.'s vagina,[2] was distinct from the ones underlying the charges of child molestation against him. Consequently, we cannot find that the Georgia courts acted unreasonably in concluding that Baker's convictions for child molestation and aggravated child molestation were based on separate offenses.

Accordingly, the judgment of the district court is AFFIRMED.

---

[2] Baker's action constituted an act of sodomy, and thus aggravated child molestation, since Georgia law defines sodomy as "any sexual act involving the sex organs of one person and the mouth or anus of another." Ga. Code Ann. § 16-6-2.