2011 VT 131

# State of Vermont v. Bruce Carrolton

[39 A.3d 705]

No. 10-441

Present: Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.

Opinion Filed December 2, 2011

*Christina Rainville* and *Robert V. Simpson, Jr.*, Bennington County Deputy State's Attorneys, Bennington, for Plaintiff-Appellant.

*Matthew F. Valerio*, Defender General, *Anna Saxman*, Deputy Defender General, *Rebecca N. Turner*, Appellate Defender, and *Katie Polonsky*, Law Clerk (On the Brief), Montpelier, for Defendant-Appellee.

¶ 1. **Johnson, J.** The State appeals from an interlocutory order of the criminal division of the superior court granting defendant's motion to merge into a single count the two counts of lewd and lascivious conduct charged by the State. Relying on *State v. Perrillo*, 162 Vt. 566, 649 A.2d 1031 (1994), which involved facts very similar to this case, the trial court ruled that because the alleged offensive touching occurred continuously without any intervening act over a short period of time, the State could not charge defendant with multiple counts of lewd and lascivious conduct. Recognizing that our holding in *Perrillo* governs this case, the State on appeal asks this Court to overrule *Perrillo* and hold that the touching of two distinct intimate parts of the body are two separate offenses as a matter of law. We decline to overrule *Perrillo* and, accordingly, affirm the trial court's decision.

¶ 2. In February 2010, the State charged defendant with two counts of lewd and lascivious conduct, in violation of 13 V.S.A. § 2601, based on facts alleged by the sixteen-year-old complainant, who testified in a deposition that defendant rubbed her back, stomach, breasts, and vaginal area while she was lying in bed. Defendant filed a motion to dismiss one of the counts, relying on *Perrillo*. The trial court granted the motion and gave the State ten days to merge the allegations into one count. In so ruling, the court found that the alleged lewd acts "were essentially continuous and done in a very short amount of time and in the same location." The court further found that the "touching progressed continually from her back to her breast area and then to her vaginal area" and "was clearly not interrupted by any break in time or intervening event." The court then granted the State's motion for an interlocutory appeal, as permitted under 13 V.S.A. § 7403(b) (allowing State in felony prosecution to appeal dismissal of indictment or information as to one or more counts).

¶ 3. On appeal, the State does not challenge the court's findings concerning the nature of defendant's conduct. Rather, as noted,

the State argues only that *Perrillo* should be overruled because touching two distinct intimate body parts — the breasts and vaginal area — should be considered separate crimes as a matter of law. In support of this argument, the State contends that *Perrillo* misread the major case it relied upon and has since been undercut by our later decisions and the "strong trend" in other jurisdictions. According to the State, from the perspective of victims, defendants, and the public in general, offensive touching of two distinct intimate body parts amounts to separate actions with separate effects warranting separate punishment.

¶ 4. Before addressing the specifics of the State's arguments, we note that they are overstated, at best. There is no strong trend to treat the touching of distinct intimate body parts as separate crimes as a matter of law; indeed, there is no trend at all in that direction. Moreover, this Court has not backtracked from *Perrillo* since it was decided seventeen years ago. To the contrary, in citing and discussing *Perrillo* in later cases involving multiple counts of sexual offenses, this Court has at times distinguished the facts of *Perrillo* but has never wavered from its holding.

¶ 5. In *Perrillo*, the defendant was charged with and convicted of two counts of lewd and lascivious conduct with a child, in violation of 13 V.S.A. § 2602, which provides a maximum penalty of five years. Similarly to complainant's testimony in the instant case, the complainant in *Perrillo* testified that over the course of "a few minutes or so" the defendant first rubbed her stomach and then went up to the chest area before moving down into her pants. 162 Vt. at 567, 649 A.2d at 1032. The defendant was convicted on both counts and sentenced to two-and-one-half years to five years on each count. The defendant argued that the evidence supported a conviction on no more than one count of the offense and that his sentence effectively doubled the penalty set in the statute by the Legislature.

¶ 6. We agreed. Citing *Harrell v. State*, 277 N.W.2d 462, 473 (Wis. Ct. App. 1979), for the proposition that an episode of sexually assaultive behavior usually involves multiple invasions of the victim's intimate body parts, we doubted a legislative intent in § 2602 "to increase the potential sentence for these crimes exponentially depending on the number of touches involved in a single episode of sexual abuse." *Perrillo*, 162 Vt. at 567-68, 649 A.2d at

1032. We noted that the sexual abuse prohibited by § 2602 is an aggravated form of battery, and that in battery cases, multiple blows during a single attack can generally be prosecuted only as a single offense. *Id.* at 568, 649 A.2d at 1032. We pointed out that, under the State's view, the victim's ability to remember details of the sexual contact would be the only limit on the number of counts that could be brought in a case, which would make it impossible to reasonably define the distinction between the potential for enough and too much punishment under the statute. *Id.* at 568, 649 A.2d at 1033.

¶ 7. The facts in *Perrillo* are nearly identical to the facts of this case, and the reasoning in *Perrillo* applies equally to § 2601 and § 2602 of Title 13. Therefore, if *Perrillo* remains good law, the State cannot prevail in this appeal. The State does not argue otherwise.

¶ 8. The State argues, however, that *Perrillo* misconstrued *Harrell*, and that since we issued *Perrillo*, we have backed away from its holding. Neither contention is accurate. The court in *Harrell* ruled that the defendant was properly convicted on two counts of sexual assault against a single victim, where he had forcible, nonconsensual sexual intercourse with the victim on two separate occasions separated by approximately twenty to twenty-five minutes. 277 N.W.2d at 464, 471. The court set forth factors to consider in determining whether multiple counts were legally justified — including the nature of the act. *Id.* at 472-73. In discussing those factors, the court noted that an episode of sexually assaultive behavior usually involves multiple invasions of the victim's body. *Id.* at 473. The *Harrell* court followed this observation by stating that "[w]hether such invasions are a single offense or separate offenses can sometimes be placed in perspective by the time interval between specific acts." *Id.* ("Of all the identifiable elements and factors, the question of time more than any other circumstance seems to permeate all of the factors."). We recognize that *Harrell* also included dicta opining that the invasion of different intimate body parts should be viewed as different acts, see *id.*; however, in *Perrillo*, we cited *Harrell* only for the proposition — expressly stated in that case — that a single episode of sexual contact usually involves multiple invasions of the victim's intimate body parts. 162 Vt. at 567-68, 649 A.2d at 1032. We did not misconstrue *Harrell*.

¶ 9. In support of its claim that we have moved away from our holding in *Perrillo* since issuing the decision, the State first relies

upon *State v. Fuller*, 168 Vt. 396, 721 A.2d 475 (1998). In *Fuller*, the defendant was convicted of aggravated sexual assault under 13 V.S.A. § 3253(a)(9), which prohibits "repeated nonconsensual sexual acts as part of the same occurrence or . . . as part of the actor's common scheme and plan." The conviction was based on evidence demonstrating that the defendant forcibly engaged his stepson in oral sex in a bedroom of their home; the boy got away from him and ran into the living room; and then the defendant followed the boy into the living room, subdued him, and again forced oral sex upon him. The defendant argued that he could not be convicted of violating § 3253(a)(9) because his conduct amounted to one, continuous, brief episode of sexual contact. We disagreed, noting that the boy's escape into another room between the sexual assaults was "an intervening event" that gave the defendant "sufficient time between the commission of the two acts to reflect upon what he was doing and to recommit himself to sexually assaulting the child that had escaped." *Fuller*, 168 Vt. at 400, 721 A.2d at 479.

¶ 10. In so ruling, we expressly stated that the defendant's reliance on *Perrillo* was "misplaced." *Id.* In addition to pointing out that *Perrillo* involved a lewd-and-lascivious-conduct statute rather than a statute based on repeated sexual assaults, we noted that "Perrillo's actions happened close in time, they were uninterrupted and occurred in the same geographic location, and there was no evidence suggesting any time between touches for Perrillo to reflect on his conduct and recommit himself to abusing the victim, thereby making it more likely that his actions constituted one continuous lewd act." *Id.* at 401, 721 A.2d at 480. Thus, in *Fuller*, we did not backtrack from *Perrillo* or call into question its holding; rather, we cited the case as good law but distinguished it on its facts, which are very similar to those in the instant case.[*]

---

[*] The State fares no better with the three-justice panel decisions upon which it relies. Such decisions may be cited for their "persuasive authority" but are "not . . . considered as controlling precedent." V.R.A.P. 33.1(d). All three of the cited cases involve a petitioner's appeal from the dismissal of a petition for post-conviction relief that was based upon a claim of ineffective assistance of counsel. In all three appeals, we rejected the claim that the petitioner's attorney was ineffective for not challenging multiple charges for a single episode of sexual misconduct. In *In re Powers*, we stated that the petitioner's actions were "clearly distinguishable" from those of the defendant in *Perrillo* because there was "no intervening event" in *Perrillo*, as there was in *Powers*, where the petitioner fondled the victim on multiple occasions between changes of bathing suits. No. 2001-226, 2002 WL 34424332, at *2 (Vt. Jan. 30, 2002) (unpub. mem.), available at: http://

¶ 11. Nor is there a trend in other jurisdictions that is inconsistent with *Perrillo*, as the State claims. Indeed, some of the cases that the State relies upon are not as favorable to its position as claimed. For example, in *Craun v. State*, 762 N.E.2d 230, 232 (Ind. Ct. App. 2002), the defendant was convicted on two counts of child molestation based on two separate incidents separated by more than a month, and the appellate court considered whether the trial court erred in admitting evidence of prior bad acts. The case does not even directly address the issue at hand. Nor does *Jagneaux v. State*, No. 10-05-00350-CR, 2006 WL 2507339 (Tex. Ct. App. Aug. 30, 2006) (unpub. mem.), another case relied upon by the State, which involved the defendant touching different intimate body parts of the victim over the course of a year. Although the court indicated that the defendant's conviction on one count did not bar conviction on the other count "because touching of the breast involves distinct conduct from touching of the genitals," there was no indication that the conduct occurred during a single incident. *Id.* at *3. In another case relied upon by the State, the court affirmed consecutive sentences on three counts of gross sexual imposition because the evidence demonstrated "that there was a sufficient passage of time between each incident and there was intervening conduct by appellant between each incident." *State v. Brindley*, No. 01AP-926, 2002 WL 1013033, at *3 (Ohio Ct. App. May 21, 2002) (stating that offensive sexual

---

www.vermontjudiciary.org/d-upeo/upeo.aspx. Similarly, in *In re Cleary*, we found unsustainable any possible merger theory regarding multiple charges of sexual misconduct because "a substantial lapse of time and several material events intervened between the time petitioner initially fondled the victim's breasts, charged as lewd and lascivious conduct, and when he attempted sexual contact without her consent." No. 2006-513, 2007 WL 5313366, at *2 (Vt. Dec. 19, 2007) (unpub. mem.), available at http://www.vermontjudiciary.org/d-upeo/upeo.aspx.

Finally, in *In re Kenyon*, the petitioner digitally penetrated the victim's vagina for about five minutes and then engaged in nonconsensual sexual intercourse with the victim for almost half an hour. We concluded that, although the second act closely followed the first one, "the substantially different nature of the acts plainly demonstrate[s] a separate intent to recommit to a second assault." No. 2003-324, 2004 WL 5582107, at *3 (Vt. Sept. 1, 2004) (unpub. mem.), available at http://www.vermontjudiciary.org/d-upeo/upeo.aspx. Although *Kenyon* did not cite or attempt to distinguish *Perrillo*, the decision is consistent with *Perrillo* and the instant case, neither of which involved the commission of separate acts of a "substantially different nature" over a time span that demonstrated the defendant's intent to recommit to a second assault. In short, none of the three-justice-panel decisions relied upon by the State, nor any other decision of this Court, has backtracked or called into question our decision in *Perrillo*.

contact under statute may be treated as separate offenses if evidence demonstrates either passage of time or intervening conduct by perpetrator or touching two separate body parts "in an interrupted sequence").

¶ 12. Other cases cited by the State construe statutes completely different from Vermont's lewd-and-lascivious-conduct statute and thus have limited relevance and persuasive value. See, e.g., *Commonwealth v. Robinson*, 931 A.2d 15, 25 (Pa. Super. Ct. 2007) (affirming defendant's convictions for two separate criminal acts — touching the victim's breasts and touching her vagina— that violated two separate criminal statutes, one of which prohibited corruption of minors and the other indecent assault); *State v. Suarez*, 736 P.2d 1040, 1042 (Utah Ct. App. 1987) (affirming defendant's conviction for two separate offenses that required proof of different elements within same statute, based on him putting his mouth on victim's breasts and then touching victim's genitals); *De'Armond v. Commonwealth*, 654 S.E.2d 317, 320-21 (Va. Ct. App. 2007) (concluding that applicable statute supported segregation of three separate offenses based on defendant putting child's hand on his penis, touching child's breasts, and touching child's vagina). Finally, in *Baker v. Gearinger*, 293 F.3d 1353 (11th Cir. 2002) (per curiam), the court affirmed dismissal of the petitioner's habeas corpus petition based on its conclusion that his conduct of fondling the victim's breasts, fondling her vagina, and placing his penis between her legs could each independently be considered immoral acts done for his arousal. The court's brief per curiam opinion does not, however, present a clear time-frame and context for the touching to compare to *Perrillo* and the instant case.

¶ 13. On the other hand, cases in other jurisdictions, some relatively recent, provide support for our holding in *Perrillo*. For example, in *Eaddy v. State*, 789 So. 2d 1093 (Fla. Dist. Ct. App. 2001) (per curiam), the defendant was charged with separate counts of lewd assault based on him fondling the victim's breasts and vagina during a single episode. The court stated that in "deciding whether multiple acts can be charged in a single count, the spatial and temporal aspects of the multiple occurrences must be analyzed in order to determine whether the defendant had time to pause, reflect, and form a new criminal intent between the occurrences." *Id.* at 1095. The court concluded that the state had failed to demonstrate that the defendant's fondling of the victim's

breasts and vagina during a single episode amounted to two separate offenses under the above test; accordingly, the court merged the two counts to assure that the defendant was free from double jeopardy. *Id.*; see also *People v. Williams*, 24 Misc. 3d 131(A), 2009 WL 1924794, at *1 (N.Y. App. Term June 29, 2009) (stating that although defendant touched more than one intimate area of the victim, he could not be charged with separate counts of sexual abuse because "the conduct constituted but a single, uninterrupted occurrence" of sexual contact).

¶ 14. Similarly, in *Cullen v. United States*, 886 A.2d 870 (D.C. 2005), the defendant was convicted of multiple counts of misdemeanor sexual abuse based upon evidence that he placed his mouth in contact with the victim's inner thigh and breast during a brief interval of time. Citing *Perrillo*, the court stated it was "not convinced that the legislature intended to provide for a separate offense for the touching of multiple enumerated body parts during a single event when there is no evidence that a defendant has reached a new fork in the road or acted in response to a fresh impulse." *Id.* at 873.

¶ 15. Our review of the above cases demonstrates that this Court has not backed away from *Perrillo* and that there is no trend in other jurisdictions inconsistent with our holding in *Perrillo*. Moreover, the State has not demonstrated that, in the seventeen years since we issued *Perrillo*, our holding has "undermined the public welfare, wrought individual injustice, or impeded the administration of justice." *DeSantis v. Pegues*, 2011 VT 114, ¶ 43, 190 Vt. 457, 35 A.3d 152 (Johnson, J., concurring). As we have stated before, this Court is not a slavish adherent to the principle of stare decisis, but we will not deviate from policies essential to certainty, stability, and predictability in the law absent plain justification supported by our community's ever-evolving circumstances and experiences. See *State v. Berini*, 167 Vt. 565, 566, 701 A.2d 1055, 1056 (1997) (mem.) (concluding that State failed to offer new evidence or persuasive rationale to justify overruling previous case). No such showing has been made here. Accordingly, we decline the State's invitation to overrule *Perrillo*, and thus, we affirm the trial court's order compelling the State to merge the two counts in this case.

*Affirmed.*