IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20100732-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (April 26, 2012) |
| Joshua Williams, | ) | |
| | ) | 2012 UT App 128 |
| Defendant and Appellant. | ) | |

-----

Fourth District, Provo Department, 091403373
The Honorable Samuel D. McVey

Attorneys:    Anthony V. Rippa, Murray; and Brook J. Sessions, South Jordan, for
              Appellant
              Mark L. Shurtleff and Kris C. Leonard, Salt Lake City, for Appellee

-----

Before Judges Voros, Roth, and Christiansen.

CHRISTIANSEN, Judge:

¶1     Defendant Joshua Williams appeals his conviction for aggravated kidnapping, a first degree felony. *See* Utah Code Ann. § 76-5-302 (2008). Williams argues that the trial court abused its discretion in denying his motion for a new trial. We affirm.

¶2     Pursuant to rule 24 of the Utah Rules of Criminal Procedure, Williams moved for a new trial on the theory that he was prejudiced by being jointly tried with a codefendant. In particular, Williams contends that the codefendant's counsel's closing argument unfairly placed blame on Williams, making him appear more culpable than if he had been tried separately. Williams asserts that because he agreed with the

codefendant that neither defendant would testify at trial, Williams did not expect the codefendant's counsel to cast blame on Williams. Williams also seems to contend that, despite being charged with the same offenses for the same alleged actions, the codefendant's conviction of only the lesser-included offense of unlawful detention is proof that Williams was prejudiced by the joint trial.

¶3 In ruling on Williams's motion for a new trial, the trial court determined that the jury found the victim's testimony credible and that the victim's testimony implicated Williams more strongly than the codefendant. Further, the trial court determined that Williams had been given an adequate opportunity to cross-examine all of the witnesses at trial. The trial court also noted that Williams elected not to testify after he had been advised of his right to do so.

¶4 Williams did not timely move the trial court to sever his trial from the codefendant's and he therefore waived his right to do so. *See* Utah Code Ann. § 77-8a-1(4)(b) (2008) ("A defendant's right to severance of . . . defendants is waived if the motion is not made at least five days before trial."). In any event, we determine that the trial court did not abuse its discretion in denying his motion for a new trial because the joinder of the defendants' trial did not prejudice Williams. *See generally* Utah R. Crim. P. 24(a) ("The court may . . . grant a new trial in the interest of justice if there is any error or impropriety which had a substantial adverse effect upon the rights of a party."); *State v. Menzies*, 845 P.2d 220, 224 (Utah 1992) ("The decision to grant a new trial pursuant to Utah Rule of Criminal Procedure 24 is a matter within the discretion of the trial court [, and] we will not reverse a ruling denying a new trial absent a clear abuse of that discretion." (internal quotation marks omitted)).

¶5 Although the codefendant's counsel's encouragement to the jury to find that Williams was more culpable than his client may have impacted the jury, Williams has not shown that the trial court abused its discretion in denying his motion for a new trial because he has not demonstrated that the joint jury trial prejudiced him. Specifically, evidence produced at trial demonstrated that the victim owed Williams money, that Williams owned and drove the car used in the kidnapping, and that Williams and the codefendant took the victim to Williams's home. Williams has identified no evidence that would have been excluded had the defendants been tried separately, nor has he identified any argument made by the codefendant's counsel that could not have been made by the State had the defendants been tried separately. Also, the codefendant's

conviction of a lesser offense does not demonstrate that a jury would have found Williams any less culpable had he been tried separately.

¶6 Moreover, Williams has not shown that the trial court abused its discretion in denying his motion for a new trial because, even under Utah Code section 77-8a-1 and the case law interpreting that statute, Williams has not demonstrated that he would have received a better outcome if he had been tried separately. *See* Utah Code Ann. § 77-8a-1(4)(a) ("If the court finds [that] a defendant . . . is prejudiced by a joinder of . . . defendants in an indictment or information or by a joinder for trial together, the court shall . . . grant a severance of defendants, or provide other relief as justice requires."); *State v. O'Brien*, 721 P.2d 896, 898 (Utah 1986) (instructing a trial court to "grant severance when there is any doubt as to prejudice"); *State v. Telford*, 940 P.2d 522, 525-26 (Utah Ct. App. 1997) (same). Prejudice occurs where "joint defendants have defenses that [are] inconsistent with or . . . obstruct or impede each other." *O'Brien*, 721 P.2d at 898; *accord Telford*, 940 P.2d at 525-26. "Antagonistic defenses alone are not sufficient to require a separate trial. Rather, severance is required only if the defenses conflict to the point of being irreconcilable and mutually exclusive." *Telford*, 940 P.2d at 526 (citation and internal quotation marks omitted). Thus, "hostility between co-defendants or the fact that one defendant attempts to cast blame on his co-defendant is not alone sufficient reason to require severance of the co-defendants' trials." *O'Brien*, 721 P.2d at 899.

¶7 Even though the codefendant's counsel cast blame on Williams for the aggravated kidnapping, Williams's and the codefendant's defenses were not antagonistic to "the point of being irreconcilable and mutually exclusive." *See Telford*, 940 P.2d at 526 (internal quotation marks omitted). Williams's counsel and the codefendent's counsel used the same strategic approach and cooperated with each other to the point of even agreeing to not have either defendant testify against the other. Both defenses, including the codefendant's counsel's closing argument, focused on proving that the victim's testimony was not believable and that the victim's actions were voluntary. The jury did not have to reject Williams's defense to believe the codefendant's defense, and vice versa. *See id.* (concluding that the trial court erred by failing to sever the trial for defendants because "the defenses were mutually exclusive," that is, "the jury had to reject one defense to believe the other"). We thus conclude that the trial court did not abuse its discretion in denying Williams's motion for a new trial.

¶8     Because we determine that Williams was not prejudiced by the joint trial, we need not reach Williams's ineffective assistance of counsel claim for his counsel's failure to move the court for a severance of trial. *See Archuleta v. Galetka*, 2011 UT 73, ¶ 38, 267 P.3d 232 ("To prevail [on an ineffective assistance of counsel claim], a defendant must show, first, that his counsel rendered a deficient performance in some demonstrable manner, which performance fell below an objective standard of reasonable professional judgment and, second, that counsel's performance prejudiced the defendant." (internal quotation marks omitted)). Even if Williams's trial counsel was ineffective in not seeking to sever the trial of Williams and the codefendant, Williams has not shown that the joint jury trial prejudiced him.

¶9     Accordingly, we affirm.


_____
Michele M. Christiansen, Judge


-----


¶10     WE CONCUR:



_____
J. Frederic Voros Jr.,
Associate Presiding Judge



_____
Stephen L. Roth, Judge