2004 UT 16

**STATE of Utah, Plaintiff and Petitioner,**

v.

**Stephen Lamar GEUKGEUZIAN,
Defendant and Respondent.**

No. 20020460.

Supreme Court of Utah.

Feb. 24, 2004.

Mark L. Shurtleff, Att'y Gen., J. Frederic Voros, Jr. Asst. Att'y Gen., Salt Lake City, for plaintiff.

Kendall S. Peterson, Jerald V. Hale, Salt Lake City, for defendant.

DURRANT, Associate Chief Justice:

¶ 1 Defendant Stephen Lamar Geukgeuzian was convicted of tampering with a witness. The court of appeals reversed his conviction, reasoning that the trial court's failure to include a mens rea element in its jury instruction resulted in manifest injustice. We conclude that defendant invited the error when he proposed a jury instruction that purported to include all the essential elements of the offense but, like the trial court's instruction he challenges on appeal, failed to include a mens rea element. We reverse and remand.

## BACKGROUND

¶ 2 "We recite the facts from the record ... in the light most favorable to the jury's verdict." *State v. Casey*, 2003 UT 33, ¶ 2, 82 P.3d 1106 (quotation omitted).

¶ 3 In May 2000, Geukgeuzian was charged with tampering with a witness in violation of Utah Code section 76–8–508(1),[1] and with making a false written statement in violation of Utah Code section 76–8–504(2). During his trial, Geukgeuzian proposed a jury instruction that recited almost verbatim the elements listed in the witness tampering statute. His proposed instruction concluded with the following:

> If you find the evidence has failed to prove any one or more of these essential elements to your satisfaction beyond a reasonable doubt, then it would be your duty to find the defendant not guilty of TAMPERING WITH A WITNESS, a Third Degree Felony, as charged in the Information. On the other hand, if you find from the evidence received during the trial that the State has proven each and every one of those essential elements beyond a reasonable doubt, it would be your duty to find the defendant guilty of the offense of TAMPERING WITH A WITNESS, a Third Degree Felony.

¶ 4 The State proposed an instruction that also tracked the statutory elements of tampering with a witness. Neither set of proposed instructions contained direct reference to a separate culpable mental state apart from the language of the statute requiring that a defendant act "believing that an official proceeding or investigation is pending or about to be instituted." *See* Utah Code Ann. § 76–8–508(1). Relying on the proposed instructions submitted by both parties, the trial court gave a jury instruction very similar to that proposed by both Geukgeuzian and the State with no separate mens rea requirement.[2] Geukgeuzian entered no objection to the court's instruction and was subsequently found guilty of tampering with a witness. He moved for a judgment notwithstanding the verdict, which the trial court denied.

¶ 5 Geukgeuzian appealed his conviction, arguing that the trial court erred by failing to include in its jury instructions the mens rea needed to establish that a defendant tampered with a witness. The court of appeals agreed, reasoning that because the witness tampering statute specifies no mens rea for the attempt or inducement element, the trial court was required to include in its instruction the requirement that Geukgeuzian must have acted with intent, knowledge, or recklessness as specified in Utah

---

1. Section 76–8–508(1) provides as follows:
   (1) A person is guilty of a third degree felony if, believing that an official proceeding or investigation is pending or about to be instituted, he attempts to induce or otherwise cause a person to:
   (a) testify or inform falsely;
   (b) withhold any testimony, information, document, [or] item;
   (c) elude legal process summoning him to provide evidence; or
   (d) absent himself from any proceeding or investigation to which he has been summoned.
   Utah Code Ann. § 76–8–508(1) (1999).

2. The instruction given to the jury was as follows:
   Before you can convict defendant, Stephen Lamar Geukgeuzian, of TAMPERING WITH A WITNESS, as charged in Count 1 of the Information, you must find from the evidence beyond a reasonable doubt, all of the following elements of the crime:
   1. That on or about May 15, 2000, in Davis County, State of Utah[;]
   2. The Defendant Stephen Lamar Geukgeuzian, believing that an official proceeding or investigation is pending or about to be instituted;
   3. Attempted to induce or other [sic] cause a person to:
   (a) Testify or inform falsely; or
   (b) Withhold any testimony, information, document, or item.
   If, after careful consideration of all the evidence in this case, you are convinced of the truth of each and every one of the foregoing elements beyond a reasonable doubt, then you must find the defendant, Stephen Lamar Geukgeuzian, guilty of TAMPERING WITH A WITNESS, as charged in Count 1 of the Information.
   If, on the other hand, after careful consideration of all of the evidence in this case, you are not convinced of each and every one of the foregoing elements beyond a reasonable doubt, then you must find the defendant, Stephen Lamar Geukgeuzian, not guilty of TAMPERING WITH A WITNESS, as charged in Count 1 of the Information.

Code section 76–2–102.[3] The court of appeals rejected the State's contention that Geukgeuzian invited the error by omitting the challenged element in his own proposed instructions. The court cited to its prior decision in *State v. Chaney,* 1999 UT App 309, ¶ 53, 989 P.2d 1091, and reasoned that, unlike in *Chaney,* the State had failed to show that "[Geukgeuzian]'s conduct actually led the trial court into its erroneous action."

¶ 6 The State appeals the court of appeals' decision, arguing that Geukgeuzian's failure to include a mens rea element in his proposed jury instruction was invited error. This court has jurisdiction pursuant to Utah Code section 78–2–2(3)(a) (2002).

## STANDARD OF REVIEW

¶ 7 "On certiorari, we review the court of appeals' decision for correctness, giving its conclusions of law no deference." *State v. Casey,* 2003 UT 33, ¶ 10, 82 P.3d 1106 (citing *State v. James,* 2000 UT 80, ¶ 8, 13 P.3d 576) (further citation omitted).

## ANALYSIS

¶ 8 The State argues that the court of appeals erred in reversing Geukgeuzian's conviction because he invited the error by proposing a jury instruction that contained the same error as the instruction he attacks on appeal.[4] Geukgeuzian counters that to constitute invited error, a defendant must have engaged in a conscious and affirmative act that led the trial court to commit the instructional error. He asserts that because his proposed jury instruction simply provided an accurate recitation of the statutory elements, his failure to include a culpable men-

tal state was an inadvertent omission, not invited error.

¶ 9 While a party who fails to object to or give an instruction may have an instruction assigned as error under the manifest injustice exception, Utah R.Crim. P. 19(e), "a party cannot take advantage of an error committed at trial when that party led the trial court into committing the error," *State v. Anderson,* 929 P.2d 1107, 1109 (Utah 1996) (quoting *State v. Dunn,* 850 P.2d 1201, 1220 (Utah 1993)) (internal quotation omitted). Accordingly, a jury instruction may not be assigned as error even if such instruction constitutes manifest injustice "if counsel, either by statement or act, affirmatively represented to the court that he or she had no objection to the jury instruction." *State v. Hamilton,* 2003 UT 22, ¶ 54, 70 P.3d 111.

¶ 10 We have recognized a number of ways in which a defendant has led a trial court into committing error. In *Hamilton,* for instance, a defendant invited error where his counsel confirmed on the record that the defense had no objection to the instructions given by the trial court. *Id.* at ¶ 55. In *Anderson,* a defendant likewise invited error when he failed to object to an instruction when specifically queried by the court. 929 P.2d at 1108–09. Finally, in *State v. Medina,* a defendant invited error when his counsel actively represented to the trial court that she had read the instruction and had no objection to it. 738 P.2d 1021, 1023 (Utah 1987).

¶ 11 The court of appeals has also addressed situations in which a defendant affirmatively endorsed an instruction before the court. For example, in *State v. Chaney,* a defendant invited error when he objected to the trial court's use of a correct jury instruction and later challenged the substituted er-

---

3. Section 76–2–102 provides that "[e]very offense not involving strict liability shall require a culpable mental state, and when the definition of the offense does not specify a culpable mental state and the offense does not involve strict liability, intent, knowledge or recklessness shall suffice to establish criminal responsibility." Utah Code Ann. § 76–2–102 (1999).

4. The court of appeals determined that the trial court's failure to include a separate culpable mental state apart from the language in the wit-

ness tampering statute resulted in manifest injustice as a matter of law and reversed Geukgeuzian's conviction. *State v. Geukgeuzian,* 2002 UT App 130, ¶ 9, 54 P.3d 640. Because we denied certiorari on this issue, we express no opinion as to whether the court of appeals was correct in requiring a separate mens rea element. We consider only whether the court of appeals' reversal of Geukgeuzian's conviction under the manifest injustice exception is precluded by his invited error.

roneous jury instruction on appeal. 1999 UT App 309, ¶ 55, 989 P.2d 1091. And in *State v. Perdue,* a defendant invited error when he challenged an instruction that he had submitted to the trial court. 813 P.2d 1201, 1206 (Utah Ct.App.1991).

¶ 12 While the invited error doctrine is crafted to " 'discourage[ ] parties from intentionally misleading the trial court so as to preserve a hidden ground for reversal on appeal,' " it is also intended to give the trial court the first opportunity to address the claim of error. *Hamilton,* 2003 UT 22 at ¶ 54, 70 P.3d 111 (quoting *Anderson,* 929 P.2d at 1109) (further citation omitted). We acknowledge that Geukgeuzian's failure to include a separate mens rea element in his proposed instruction was most likely inadvertent and not a conscious attempt to mislead the trial court. Nevertheless, we believe that, like those cases discussed above, his proposed jury instruction effectively led the trial court into adopting the erroneous jury instruction that he now challenges on appeal. Contrary to his assertions before this court, Geukgeuzian did not simply omit a mens rea element; rather, he affirmatively purported to list all "essential elements" needed to prove that an individual tampered with a witness. Accordingly, we find that Geukgeuzian invited the trial court's erroneous jury instruction and reverse the court of appeals' decision below.

¶ 13 We note that Geukgeuzian raised an ineffective assistance of counsel claim on appeal, which the court of appeals found unnecessary to reach in light of its reversal of his conviction. Because we did not grant certiorari and neither party has briefed this issue, we remand for further consideration of whether Geukgeuzian received ineffective assistance of counsel.

## CONCLUSION

¶ 14 Because Geukgeuzian purported to include in his proposed jury instruction all the necessary elements needed to prove that a defendant tampered with a witness but omitted a separate mens rea element, we hold that he led the trial court into its omission of a separate culpable mental state in its jury instruction. Therefore, his conviction may not be reversed even if the trial court's instruction resulted in manifest injustice. We reverse and remand for further consideration consistent with this opinion.

¶ 15 Chief Justice DURHAM, Justice WILKINS, Justice PARRISH, and Justice NEHRING concur in Associate Chief Justice DURRANT's opinion.