## 2015 UT App 86

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
JEFFREY GALLUP,
Defendant and Appellant.

Memorandum Decision
No. 20131143-CA
Filed April 9, 2015

Fourth District Court, Provo Department
The Honorable Darold J. McDade
No. 131400869

Douglas J. Thompson, Attorney for Appellant

Sean D. Reyes and Daniel W. Boyer, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Memorandum
Decision, in which JUDGES GREGORY K. ORME and
KATE A. TOOMEY concurred.

CHRISTIANSEN, Judge:

¶1    Jeffrey Gallup appeals from his conviction for driving under the influence of alcohol. Gallup pled guilty to DUI after the district court denied his motion to suppress certain evidence obtained during the traffic stop, but he reserved his right to appeal the court's suppression decision. Gallup argues on appeal that the factual findings made by the district court in denying his motion to suppress are clearly erroneous and that its legal conclusions are erroneous because they rely on the flawed factual findings. We affirm the district court's decision.

¶2    Alcohol-enforcement agents conducting a covert inspection of a bar for liquor law violations watched Gallup

drinking in that bar for several hours.[1] The agents saw Gallup drink several beers between approximately 9:00 p.m. and 1:00 a.m. Around 1:00 a.m., the agents saw Gallup leave the bar, walk to his vehicle, and drive out of the bar's parking lot. The agents followed Gallup and pulled him over after they saw him commit two traffic violations. Gallup was arrested and charged with DUI after he failed field sobriety tests.

¶3     Gallup filed a motion to suppress the evidence obtained during the traffic stop, arguing that the stop and subsequent investigation were not supported by reasonable suspicion. The district court held an evidentiary hearing on Gallup's motion. Agent Jalaine Hawkes, one of the alcohol-enforcement agents who watched Gallup at the bar, testified at the hearing that she saw Gallup order multiple drinks between 9:00 p.m. and 1:00 a.m., but she could not remember the exact number. Agent Steven Marble, another alcohol-enforcement agent who watched Gallup that same night, did not testify. After the hearing, Gallup submitted a supplemental memorandum to his motion to suppress. Gallup attached as an exhibit to his supplemental memorandum the police report Agent Marble prepared after Gallup's arrest. In this report, Agent Marble stated that he saw Gallup drink "at least 8 beers."

¶4     Before entering a final ruling, the court allowed the parties to present further oral argument on the motion to suppress. At argument, the prosecutor stated that the stop was justified based on the agents' observations that Gallup drank "at least eight beers" at the bar before driving. At the conclusion of

---

1. "In reviewing a trial court's ruling on a suppression motion, we consider the facts in a light most favorable to the trial court's findings." *State v. Patefield*, 927 P.2d 655, 656 (Utah Ct. App. 1996) (citation and internal quotation marks omitted).

oral argument, the district court denied the motion to suppress, basing its decision on "the testimonies from the officers that they saw the defendant drink at least eight beers at the bar." Gallup appeals that ruling.

¶5     "A trial court's ruling on a motion to suppress is reviewed for correctness, including its application of the law to the facts." *State v. Tripp*, 2010 UT 9, ¶ 23, 227 P.3d 1251. We review the district court's underlying factual findings for clear error. *Id.*

¶6     First, Gallup challenges the district court's factual finding that "[t]he officers observed [Gallup] consume at least eight beers before leaving the bar." Gallup argues that the court's finding detailing the number of beers the alcohol enforcement agents saw Gallup consume was not supported by the evidence presented at the hearing on the motion to suppress. The detail of "eight beers" was only in Agent Marble's police report, which was not admitted at the evidentiary hearing but rather was attached as an exhibit to Gallup's supplemental memorandum filed after that hearing. While it is true that Agent Hawkes was not able to specifically testify at the hearing as to the number of drinks Gallup consumed, Gallup himself attached Agent Marble's report containing the statement of that number to his supplemental memorandum and asked the district court to consider other statements Agent Marble had made in that report.

¶7     "[O]n appeal, a party cannot take advantage of an error committed [below] when that party led the trial court into committing the error." *State v. Dunn*, 850 P.2d 1201, 1220 (Utah 1993). "While the invited error doctrine is crafted to discourage[] parties from intentionally misleading the trial court so as to preserve a hidden ground for reversal on appeal, it is also intended to give the trial court the first opportunity to address the claim of error." *State v. Geukgeuzian*, 2004 UT 16, ¶12, 86 P.3d 742 (alteration in original) (citation and internal quotation marks omitted). Even inadvertent errors that are not

"conscious attempt[s] to mislead the trial court" may fall within the invited error doctrine when they lead the district court into making legal errors. *Id.*

¶8    In this case, Gallup provided the district court with Agent Marble's statement in an exhibit attached to his supplemental memorandum. Gallup sought to use Agent Marble's report to impeach Agent Hawkes, arguing that a particular statement in Agent Marble's report demonstrated that Agent Hawkes's and Agent Marble's testimonies "are contrary to one another and not credible." Even though Gallup did not affirmatively seek to admit the agent's statement into evidence at the hearing, Gallup placed the agent's report before the court and asked the court to consider it. *Cf. Clayton v. Ford Motor Co.*, 2009 UT App 154, ¶ 48, 214 P.3d 865 (holding that any error based on admission of a report was invited where the plaintiffs introduced a trooper's report into evidence "on their own accord"). As a result, we conclude that Gallup led the district court into relying on Agent Marble's statement because had Gallup not provided the court with the report, the court would have heard only that Gallup consumed several alcoholic drinks that evening, but not specifically "at least eight beers."

¶9    Even if the doctrine of invited error did not apply, however, Gallup failed to preserve his challenge to the district court's reliance on the report. "As a general rule, claims not raised before the trial court may not be raised on appeal." *State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346 (citation and internal quotation marks omitted). Because Gallup did not object when the State referenced Agent Marble's statement during argument or when the district court found orally and in writing that the agents saw Gallup drink at least eight beers, he has failed to preserve his argument that the district court could not properly consider that evidence.

¶10    Gallup also has not preserved his claims that the district court made inadequate findings regarding conflicting evidence and witness credibility.[2] A party must "challenge in the trial court the adequacy of the court's factual findings to preserve an adequacy of the findings issue for appeal." *In re K.F.*, 2009 UT 4, ¶ 59, 201 P.3d 985; *see also State v. Titus*, 2012 UT App 231, ¶ 11, 286 P.3d 941. "[R]equiring a party to object to the adequacy of the detail of the trial court's findings before appeal allows the trial judge to address and correct, if necessary, the level of detail in his or her findings before the case moves forward." *In re K.F.*, 2009 UT 4, ¶ 62.

¶11    Gallup relies on *State v. Genovesi*, 871 P.2d 547 (Utah Ct. App. 1994), and *State v. Lovegren*, 798 P.2d 767 (Utah Ct. App. 1990), for the proposition that findings of fact must be sufficiently detailed to permit meaningful appellate review. But the requirement that district courts provide detailed findings does not overcome Gallup's failure to bring the asserted error to the district court's attention.

> Judicial economy would be disserved if we permitted a challenge to the adequacy of the detail in the findings to be heard for the first time on appeal. Not only is an error in the detail in the findings easy for a trial judge to correct, but it is an error that is best corrected when the judge's findings are fresh in the judge's mind. Further, it is

2. To the extent Gallup challenges as clearly erroneous the district court's factual finding that officers "observed [Gallup] stumble out of the bar to his vehicle," we conclude that the finding is sufficiently supported by Agent Hawkes's testimony that Gallup "stumbled on the sidewalk" and then walked "unsteadily" to his vehicle. Gallup has demonstrated no infirmity in the evidentiary support for this finding.

a waste of judicial resources for an appellate court to entertain such a challenge when the only likely remedy is merely a remand to the trial court for more detailed findings. We decline to offer such a remedy unless the [appellant] first provided the trial court the opportunity to correct the error.

*In re K.F.*, 2009 UT 4, ¶ 63. Gallup did not object to the district court's oral or written findings below, and he has therefore failed to preserve this claim for appeal.

¶12    Finally, Gallup argues that the district court's legal conclusions are erroneous because they relied on the challenged factual findings. Because Gallup failed to demonstrate error in the district court's factual findings, we reject his argument that the district court erred in relying on those findings.

¶13    We conclude that Gallup invited any error in the district court's factual finding concerning the number of beers and failed to preserve his other challenges to the court's findings. We affirm the district court's denial of Gallup's motion to suppress.

———————