**2015 UT App 190**

## THE UTAH COURT OF APPEALS

TODD HOLLOW APARTMENTS AT DEER MOUNTAIN, LP,
Plaintiff and Appellant,

*v.*

HOMES AT DEER MOUNTAIN HOMEOWNERS ASSOCIATION, INC.,
Defendant and Appellee.

Opinion
No. 20130767-CA
Filed August 6, 2015

Fourth District Court, Heber Department
The Honorable Derek P. Pullan
No. 130500044

Jason D. Boren and Quinton J. Stephens, Attorneys
for Appellant

John A. Snow and Spencer H. Reed, Attorneys
for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Opinion, in which
JUDGES JAMES Z. DAVIS and MICHELE M. CHRISTIANSEN concurred.

VOROS, Judge:

¶1     This wrongful-lien case raises the question of whether a developer's right to withdraw its property from a subdivision survives and is assignable after the developer has sold all its property in the subdivision. The district court answered the question in the negative. We agree and affirm.

### BACKGROUND

¶2     Todd Hollow Apartments at Deer Mountain, LP (Todd Hollow) is a limited partnership owning an apartment complex on approximately twenty-six acres of land (the Apartments) in the Deer Mountain Resort Subdivision (the Subdivision) in

Wasatch County. Canyon Ridge Apartments at Deer Mountain, LP (the Master Developer) developed the Apartments as an affordable housing property pursuant to section 42 of the Internal Revenue Code of 1986. Todd Hollow has been the record owner of the Apartments since October 1999.

¶3     In December 2000, the Master Developer recorded a set of Master Covenants, Conditions & Restrictions (the CC&Rs) governing a portion of the Subdivision, including the Apartments. The CC&Rs authorized the Homes at Deer Mountain Homeowners Association, Inc. (the HOA) to impose assessments against the properties within its boundaries, including the Apartments, for "the maintenance and operation of the Common Areas and furnishing any common utility service and other common items," such as insurance, landscaping, and repairs.

¶4     The Master Developer retained certain rights under the CC&Rs, including the right to remove property from the HOA "to the extent that such land and Improvements are owned exclusively by the Master Developer" (the Reduction Option). The CC&Rs also provide that "[t]he rights of Master Developer under this Master Declaration or in any way relating to the Project may be assigned whereupon the assignee of Master Developer shall have all the rights of Master Developer hereunder."

¶5     By 2012, Todd Hollow had become dissatisfied with the HOA and determined to withdraw from it. To do so, Todd Hollow first obtained an assignment of the Reduction Option from the Master Developer (the Assignment). Todd Hollow recorded the Assignment at the Wasatch County Recorder's Office on January 13, 2012. That same day, Todd Hollow also recorded a document entitled "Withdrawal of Property from Deer Mountain and Amendment to Master Association Declaration and Bylaws" (the Withdrawal). In the Withdrawal, Todd Hollow purported to remove the Apartments from the HOA pursuant to the Reduction Option it acquired from the Master Developer. The Withdrawal's intended effect was that

Todd Hollow would no longer be governed by the CC&Rs or subject to HOA assessments.

¶6    The HOA challenged the validity of the Assignment and the Withdrawal. The HOA also insisted that Todd Hollow continue to pay its assessments. When Todd Hollow refused to pay its assessments, the HOA recorded a Notice of Lien (the Lien) against the Apartments for $24,446.26, plus interest, late fees, and attorney fees and costs. The HOA recorded the Lien at the Wasatch County Recorder's Office on October 19, 2012.

¶7    Todd Hollow twice asked the HOA to remove the Lien. The HOA refused. On May 2, 2013, Todd Hollow filed a Verified Petition to Nullify Wrongful Lien (the Petition) with the district court pursuant to section 38-9-7 of the Utah Code. In the Petition, Todd Hollow requested that the district court nullify the Lien as a "wrongful lien" pursuant to section 38-9-1(6) of the Utah Code and award it attorney fees, as provided by sections 38-9-4 and 38-8-7(5)(a).

¶8    The parties fully briefed the issues raised in the Petition, and the district court held a hearing on June 11, 2013. Arguments focused on the validity and legal effect of the Assignment and the Withdrawal. The district court dismissed the Petition on the ground that the Assignment and Withdrawal were ineffective and did not remove the Apartments from the HOA. The district court thus concluded that the Apartments remained within the HOA and subject to the CC&Rs. Consequently, it concluded, the Lien was lawful. Todd Hollow appeals.

ISSUES ON APPEAL

¶9    First, Todd Hollow contends that the district court exceeded its authority under the Wrongful Lien Act by adjudicating the "validity and legality" of Todd Hollow's Withdrawal in a summary proceeding.

¶10　Second, Todd Hollow contends that even assuming the district court did not exceed its statutory authority, the district court erred in concluding that Todd Hollow's Withdrawal was ineffective under the CC&Rs.

¶11　Third, Todd Hollow contends that if this court does not conclude that Todd Hollow's Withdrawal was effective as a matter of law, we should instead conclude that the CC&Rs are ambiguous and thus remand the case to the district court for an evidentiary hearing to determine the meaning and intent of the Reduction Option.

ANALYSIS

## I. The District Court's Authority to Adjudicate the Wrongful Lien Claim

¶12　Todd Hollow first contends that by dismissing the Petition with prejudice the district court "exceeded its authority under the Wrongful Lien Act." *See* Utah Code Ann. § 38-9-7(4) (LexisNexis 2010) (establishing the scope of a summary proceeding to determine the lawfulness of a lien). The HOA responds that "the district court's decision was within the scope of authority under the Wrongful Lien [Act]" and that, in any event, Todd Hollow invited any error. We agree that any possible error was invited.

¶13　Under the invited-error doctrine, "a litigant may not induce the [district] court to make a ruling and then argue on appeal that the ruling was in error." *Kerr v. Salt Lake City*, 2013 UT 75, ¶ 44, 322 P.3d 669. The invited-error doctrine "is crafted to discourage[] parties from intentionally misleading the [district] court so as to preserve a hidden ground for reversal on appeal" and "to give the [district] court the first opportunity to address the claim of error." *State v. Geukgeuzian*, 2004 UT 16, ¶ 12, 86 P.3d 742 (first alteration in original) (citation and internal quotation marks omitted).

¶14    Todd Hollow filed the Petition to have the HOA's Lien declared invalid. In so doing, it invited the district court to rule that the Withdrawal lawfully removed the Apartments from the HOA under the Reduction Option and thus that the HOA lacked authority to record the lien:

> The [HOA] has no right or authority to impose an assessment on Todd Hollow following Todd Hollow's exercise of its right to withdraw the . . . [Apartments] from the . . . [HOA]. Likewise, the [HOA] has no right to record a lien against the . . . [Apartments] under the Master Declaration[,] because Todd Hollow is no longer subject to the Master Declaration following the withdrawal of the . . . [Apartments] from the . . . [HOA].

The district court expressly queried Todd Hollow's counsel on whether that position cut both ways: "You concede that . . . if the withdrawal of the . . . property from the subdivision is void that there is statutory authority for the [HOA] to impose the lien?" Todd Hollow's counsel responded, "[Y]es. . . . It comes down to whether or not the withdrawal was proper."

¶15    Todd Hollow argues on appeal that the Petition asked the district court to declare the lien wrongful, and that the Withdrawal "forms the basis of Todd Hollow's petition." Yet it insists that its "briefing never presents Todd Hollow's withdrawal as a question but rather, in the way of educating the Court on the background of the situation states, matter of factly, that Todd Hollow withdrew from the [HOA] and is no longer subject to the [HOA's] claimed assessment." Nevertheless, the HOA responded by challenging the basis of Todd Hollow's claim—the enforceability of the Withdrawal. Accordingly, the Petition squarely placed before the district court the decisive question: whether Todd Hollow could, as assignee of the Master Developer, exercise the latter's rights under the Reduction Option. Todd Hollow's stated rationale for its desired result presupposed that the district court had the authority to adjudicate the validity of the Withdrawal under the Wrongful

Lien Act.[1] Todd Hollow now argues in effect that the Wrongful Lien Act authorized the district court to enforce the Withdrawal and rule the lien wrongful, but not to void the Withdrawal and rule the lien rightful. However, Todd Hollow assured the district court that the court had authority to answer the question regardless of what the answer was.

¶16    Thus, even assuming that the district court erred in concluding that it had the authority to adjudicate the validity of the Withdrawal in a summary proceeding, Todd Hollow invited the error. Accordingly, Todd Hollow's challenge to the district court's authority fails.

### II. Assignment of the Reduction Option

¶17    Todd Hollow next contends that even if the district court did not exceed its statutory authority in adjudicating the lawfulness of the lien under the Wrongful Lien Act, it erred in concluding that the CC&Rs do not permit the Withdrawal. Specifically, Todd Hollow argues that because "an assignee stands in the shoes of the assignor and acquires the same rights as the assignor," all of the Master Developer's rights set forth in the CC&Rs, including the right of Withdrawal, survived the Assignment of those rights to Todd Hollow. Todd Hollow thus argues that as assignee it acquired "all of the Master Developer Rights," including the "exclusive right and option . . . to reduce the Project." Todd Hollow then exercised that Reduction Option to remove the Apartments from the HOA.

¶18    The HOA responds that "the district court correctly ruled that any right to withdraw the [Apartments] under the 'Reduction Option' expired by its own terms prior to the

---

1. The Wrongful Lien Act provides in relevant part that "[a] summary proceeding under this section is only to determine whether or not a document is a wrongful lien" and "shall not determine any other property or legal rights of the parties." Utah Code Ann. § 38-9-7(4) (LexisNexis 2010).

attempted exercise of the [Reduction] Option." This is so, the HOA reasons, because the Master Developer no longer owned any property within the Subdivision at the time it assigned its rights to Todd Hollow.

¶19   The interpretation of restrictive covenants "is governed by the same rules of construction as those used to interpret contracts." *Swenson v. Erickson*, 2000 UT 16, ¶ 11, 998 P.2d 807. "We review the interpretation of a contract for correctness." *Osguthorpe v. Wolf Mountain Resorts, LC*, 2013 UT 12, ¶ 7, 322 P.3d 620. "Well-accepted rules of contract interpretation require that we examine the language of a contract to determine the meaning and intent." *Glenn v. Reese*, 2009 UT 80, ¶ 10, 225 P.3d 185.

¶20   In 2000, the Master Developer recorded the CC&Rs. Article 17.1 of the CC&Rs creates the Reduction Option, which allows the Master Developer to withdraw land owned by the Master Developer from the HOA:

> Master Developer herewith expressly reserves the unconditional and exclusive right and option . . . to reduce the Project (the "Reduction Option") by withdrawing or eliminating from the Project any land, Improvements and associated Common Areas *to the extent that such land and Improvements are owned exclusively by Master Developer* (*collectively, the "Reduced Property"*). Master Developer reserves the right to exercise all or any portion of the Reduction Option and to separately develop all or any portion of the Reduced Property at any time.

(Emphasis added.) In 2005, the Master Developer sold its last remaining interest in the Subdivision property. As of that date, the Master Developer no longer "owned exclusively" any interest in the Subdivision.

¶21   Seven years later, the Master Developer assigned all of its remaining rights to Todd Hollow:

> Assignor hereby assigns, transfers, conveys and sets over to Assignee all of the Master Developer rights. From and after the date hereof, Assignee shall have the right subject to the terms of this Assignment, to exercise all of the Master Developer Rights and Assignee shall be considered the Master Developer for purposes of exercising such rights.

¶22   The parties differ as to what rights Todd Hollow received by this assignment. The HOA contends—and the district court ruled—that the Master Developer's right to withdraw property "owned exclusively by" the Master Developer expired when the Master Developer no longer owned any property in the Subdivision. Todd Hollow contends that the Master Developer's right to withdraw property it owned continued to exist—and could be assigned—even after the Master Developer no longer owned any property to which the Reduction Option could attach.

¶23   We agree with the HOA. "It is well established that an assignor cannot assign rights he or she does not have." *West v. Inter-Financial, Inc.*, 2006 UT App 222, ¶ 4 n.1, 139 P.3d 1059. "The assignee acquires all of the rights and remedies possessed by the assignor at the time of the assignment . . . ." 6A C.J.S. *Assignments* § 110 (2004). But an "assignee gains nothing more, and acquires no greater interest than had his assignor." *Sunridge Dev. Corp. v. RB & G Eng'g, Inc.*, 2010 UT 6, ¶ 13, 230 P.3d 1000 (citation and internal quotation marks omitted). Thus, "the assignee never stands in a better position than the assignor." *SME Indus., Inc. v. Thompson, Ventulett, Stainback & Assocs., Inc.*, 2001 UT 54, ¶ 16, 28 P.3d 669 (emphasis, citation, and internal quotation marks omitted).

¶24   At the time of this assignment, Article 17.1 of the CC&Rs granted the Master Developer the right to "reduce the Project . . . by withdrawing or eliminating from the Project any land, Improvements and associated common areas to the extent that such land and Improvements are *owned exclusively by Master Developer*." (Emphasis added.) However, at that time no land or

improvements were owned exclusively by the Master Developer. It thus had no right under Article 17.1 to withdraw anything. Consequently, it had no Reduction Option to assign, and Todd Hollow received no reduction right in the assignment. "Generally, an assignment passes to the assignee only the assignor's rights . . . with respect to such property or interests as are comprehended by the terms of the assignment or intended to be transferred." 6A C.J.S. *Assignments* § 90 (2004).

¶25    In sum, we reject Todd Hollow's claim because, having conveyed away all its property, the Master Developer could not separately assign its right to withdraw that property from the HOA.

### III. Contract Ambiguity

¶26    Finally, Todd Hollow contends that if we conclude that "the CC&Rs do not unambiguously support the validity of Todd Hollow's withdrawal, [we] should find the CC&Rs ambiguous and remand for an evidentiary hearing."

¶27    "A contractual term or provision is ambiguous if it is capable of more than one reasonable interpretation because of uncertain meanings of terms, missing terms, or other facial deficiencies." *Daines v. Vincent*, 2008 UT 51, ¶ 25, 190 P.3d 1269 (citation and internal quotation marks omitted). Neither party has claimed that the provisions of the CC&Rs suffer from such an ambiguity here; rather, they disputed the legal effect of those provisions. And we have concluded that the legal effect of those provisions is that after conveying away all its property the Master Developer had no Reduction Option left to assign. Accordingly, we see no need to remand this case for an evidentiary hearing to resolve contract ambiguity.

### CONCLUSION

¶28    The judgment of the district court is affirmed.

_____